MUSSELMAN GROCER CO. *v.* KIDD, DATER & PRICE CO.

1. Constitutional Law—Equal Protection of Law—Due Process of Law—Sales of Merchandise in Bulk.

Act No. 223, Pub. Acts 1905, invalidating sales of stocks of goods in bulk, does not conflict with section 32, article 6, of the Constitution of this State, prohibiting the invasion of personal and property rights without due process of law, nor with the 14th Amendment of the Federal Constitution, guaranteeing the equal protection of the laws. *Spurr* v. *Travis*, 145 Mich. 721, followed.

2. Fraudulent Conveyances—Sales in Bulk—Remedies—Garnishment—Propriety—Receivers.

Where a debtor has sold his stock of goods without complying with the provisions of the "sales in bulk act" (Act No. 223, Pub. Acts 1905), his creditor is entitled to proceed against the purchaser by garnishment (sections 10601, 10632, 3 Comp. Laws), and resort to equity and the appointment of a receiver are not necessary.

Error to Berrien; Coolidge, J. Submitted October 14, 1907. (Docket No. 44.) Decided March 17, 1908.

Garnishment proceedings by the Musselman Grocer

Company against the Kidd, Dater & Price Company as garnishee of Frank B. Ford. There was judgment for plaintiff, and the garnishee brings error. Affirmed.

*George M. Valentine* and *G. W. Bridgman*, for appellant.

*Smedley & Corwin*, for appellee.

MOORE, J. This case calls for a construction of the so-called "sales in bulk act," Act No. 223 of the Public Acts of 1905. The act is assailed for eight different reasons, but all of them revolve about the following propositions which we quote from the brief:

"*First.* That if Act No. 223 of the Public Acts of 1905 of this State is valid that garnishment proceedings do not lie for its enforcement.

"*Second.* That the said act violates section 32 of article 6 of the Constitution of this State, which provides that no person shall be deprived of life, liberty or property without due process of law.

"*Third.* That the act is in violation of section 1 of the 14th Amendment to the Federal Constitution, which provides that no State shall make or enforce any law which shall abridge the privileges or immunities of the citizens of the United States, nor shall any State deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

As to the last two of these propositions, though argued at length by counsel, we think it unnecessary to discuss them further than to say we are quite content with what was said in *Spurr* v. *Travis*, 145. Mich. 721.

We then come to the question, Will garnishment proceedings lie for the enforcement of the law? Counsel say the answer should be in the negative because of the provisions of section 3 which reads:

"Any purchaser, transferee or assignee, who shall not conform to the provisions of this act, shall, upon application of any of the creditors of the seller, transferor, or assignor, become a receiver and be held accountable to such

creditors for all the goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale, transfer or assignment: *Provided, however*, That any purchaser, transferee or assignee, who shall conform to the provisions of this act shall not in any way be held accountable to any creditor of the seller, transferor or assignor, or to the seller, transferor, or assignor for any of the goods, wares, merchandise or fixtures that have come into the possession of said purchaser, transferee or assignee by virtue of such sale, transfer or assignment."

It is urged that a receiver must be appointed who holds the property for the benefit of all the creditors. It is insisted that in *Spurr* v. *Travis*, supra, the court did not pass upon the question because counsel admitted that garnishment would lie if the act was constitutional.

Section 1 of the act provides: "The sale, transfer or assignment, in bulk, of any part or the whole of a stock of merchandise, or merchandise and the fixtures pertaining to the conducting of said business, otherwise than in the ordinary course of trade and in the regular and usual prosecution of the business of the seller, transferor or assignor, shall be void as against the creditors of the seller, transferor, or assignor," unless the purchaser shall comply with the provisions of that act, contained in the latter part of the same section.

Section 10601, 3 Comp. Laws, provides as follows:

"From the time of the service of such writ, the garnishee shall be liable to the plaintiff to the amount of property, money, goods, chattels and effects under his control, belonging to the principal defendant, or of any debts due or to become due from such garnishee to the principal defendant, or of any judgment or decree in favor of the latter against the former, and for all property, personal and real, money, goods, evidences of debt, or effects of the principal defendant which such garnishee defendant holds, by conveyance, transfer or title that is void as to creditors of the principal defendant, and for the value of all property, personal and real, money, goods, chattels, evidences of debt or effects of the principal defendant, which such garnishee defendant received or held by a conveyance, transfer, or title that was void as to creditors of

the principal defendant; and such garnishee defendant shall also be liable on any contingent right or claim against him in favor of the principal defendant."

Section 10632, 3 Comp. Laws, reads:

" If any person garnisheed shall have in his possession any of the property aforesaid of the principal defendant, which he holds by a conveyance or title that is void as to creditors of the defendant, * * * he may be adjudged liable as garnishee on account of such property and for the value thereof, although the principal defendant could not have maintained an action therefor against him."

It will be seen that each of the foregoing sections have reference to sales òr transfers of property that are void as to the creditors of the seller, or principal defendant. The legislature undoubtedly knew of the provisions of the garnishment law in regard to conveyances that are void as against creditors. We think it would destroy the intent of the legislature in passing the act to require the intervention of a court of equity. See *Kohn* v. *Fishbach*, 36 Wash. 69; *Wilson* v. *Edwards*, 32 Pa. Sup. Ct. 295; *Spurr* v. *Travis*, supra.

Judgment is affirmed.

OSTRANDER, HOOKER, CARPENTER, and MCALVAY, JJ., concurred.