COFFEY *v.* McGAHEY.

1. FRAUDULENT CONVEYANCES—BULK SALES ACT—SALES—EQUITY—JURISDICTION—CREDITORS' SUITS—JUDGMENT.

  The objection in a suit to enforce a claim against purchasers of the business of complainant's debtor, who did not comply with the "sales in bulk" law, that the complainant was not a judgment creditor and was not entitled to relief in equity, should be presented by demurrer; it comes too late at the hearing.

2. SAME—EQUITY—JURISDICTION—CREDITORS' SUITS.

  By the terms of the "sales in bulk" law (Act No. 223, Pub. Acts 1905, 2 How. Stat. [2d Ed.] § 2612), creditors are given the remedy of impounding property of their debtor, who has not complied with the conditions of the law.

although the claim or claims have not been first reduced to judgment.[1]

3. SAME—ADEQUATE REMEDY AT LAW—EQUITY.

The remedy of garnishment, conferred by the statute, is not exclusive, but the right to a receiver and other equitable relief necessarily results from the terms of the statute which creates a trust fund in the hands of the purchaser for the benefit of the seller's creditors.

4. SAME—ADEQUATE REMEDY AT LAW.

Averments that the debtor absconded after transferring his stock of merchandise, that the provisions of statute were not followed in making the conveyance, and that the purchaser disposed of and transferred the property to another defendant who is disposing of it, make out a case of equitable cognizance.

5. SAME—WAIVER—SALES.

A waiver, being the intentional relinquishment of a known right, is not to be inferred against a complaining creditor, who did not know the circumstances or the fact that the statute had been violated in making the sale of merchandise.

OSTRANDER, J., dissenting.

Appeal from Kalamazoo; Knappen, J. Submitted April 15, 1913. (Docket No. 62.) Decided July 24, 1914.

Bill by William J. Coffey against William A. McGahey and others for the appointment of a receiver, accounting, and injunction. From a decree for complainant, defendants appeal. Affirmed.

*Samuel W. Oxenford*, for complainant.

*Jesse R. Cropsey* (*Don B. Sharpe*, of counsel), for defendant Baker.

MCALVAY, C. J. This is an appeal by the defendant Herman D. Baker from a decree entered in this cause

---

[1] As to the remedy of creditors where sale is made in violation of bulk sales law, see note in 39 L. R. A. (N. S.) 374.

On the question of the constitutionality of bulk sales legislation, see notes in 2 L. R. A. (N. S.) 331 and 20 L. R. A. (N. S.) 160.

against him and his codefendants in the circuit court for the county of Kalamazoo, in chancery.

The facts are as follows: Defendant McGahey, who had for some time owned and conducted a certain saloon in the city of Kalamazoo, on July 22, 1908, sold and conveyed the entire stock in trade, fixtures, and personal property owned and used by him in and about said business to defendant Baker in bulk. In making this sale, these parties in no form or manner complied with the provisions of Act No. 223, Pub. Acts 1905 (2 How. Stat. [2d Ed.] § 2612), known as the "bulk sales act." This was the only property owned by McGahey, and defendant Baker had been acquainted with him but a few days. On the date of said sale defendant Baker took immediate possession of all of said property and proceeded to continue the business. Defendant McGahey absconded for parts unknown, and his whereabouts have not since been known. He was brought into court by publication. Defendant Baker continued this business until August 14, 1908, when he sold and transferred to defendant Felix Schmidt for the sum of $2,500 all the stock in trade, fixtures, tools, and personal property of every kind owned and used by him in and about the said business, being the property purchased from McGahey. Neither of the parties to this sale conformed in any manner to the provisions and requirements of the said "bulk sales act." Defendant Schmidt upon his purchase immediately took possession, and was engaged in carrying on the business when this suit was instituted. Complainant had been employed by defendant McGahey some time previous to the date of the sale to Baker in and about these premises as a carpenter in charge of the carpenter work in repairing and remodeling the building occupied by defendant McGahey as a residence upstairs and as his business place on the ground floor, and so

worked for him up to and including the date of sale, at which time he was indebted to him in the sum of over $200.

Complainant filed his bill of complaint in this cause against these defendants for himself and in behalf of all the creditors of defendant McGahey, setting up at length the foregoing facts, and asking the aid of the court in equity in the premises, to decree the amount due him from McGahey, and that defendants Baker and Schmidt be declared receivers of all of the said stock of merchandise and fixtures, and the proceeds and avails thereof, for his benefit and that of the other creditors who might intervene, and that Baker. and Schmidt come to a full accounting for the said property and the proceeds of the same, and that a receiver be appointed in their stead, and that pending the action an injunction be granted.

To this bill of complaint, defendants Baker and Schmidt filed their several answers under oath. The answer of defendant Baker, which is the only one necessary to be considered by this court, he alone having appealed, admits all but three of the charges of the bill of complaint, and the record shows those were admitted upon the hearing of the cause.

Defendant on this appeal contends that the court in equity has no jurisdiction of this cause, for the reasons that complainant is not a judgment creditor, that complainant has a complete and adequate remedy at law, and in any event that the record shows complainant has waived any right of action which he might have had against defendant Baker or the goods in question.

Defendant did not demur to the bill of complaint or claim the right of demurrer in his answer on jurisdictional grounds. It does appear that, when complainant was sworn as a witness and proceeded to prove the indebtedness of McGahey to him, an objection was made to the admission of any such evidence,

unless it appeared that the claim had been reduced to judgment. Such a question cannot be raised after an answer upon the taking of proofs at a hearing. This court has repeatedly held that such an objection comes too late if made for the first time at the hearing of the cause. *Stockton* v. *Williams,* Walk. Ch. (Mich.) 120; *Wales* v. *Newbould,* 9 Mich. 45, and authorities cited; *F. H. Wolf Brick Co.* v. *Lonyo,* 132 Mich. 162 (93 N. W. 251, 102 Am. St. Rep. 412); *Negaunee Iron Co.* v. *Iron Cliffs Co.,* 134 Mich. 264 (96 N. W. 468).

In each of the foregoing cases this court has held the question of jurisdiction should have been raised by demurrer, where the grounds of the objection appear upon the face of the bill; that, after defendants have answered, put the case at issue upon the merits, and taken proofs on that issue, they cannot raise the question of jurisdiction. The same rule has been recognized by the Federal courts. *Hollins* v. *Iron Co.,* 150 U. S. 371 (14 Sup. Ct. 127).

In all cases where the question has been raised before this court, it has held that the question of jurisdiction is waived, when no demurrer is imposed until after issue is joined, and proofs are taken.

Appellant contends that it appears that complainant is not a judgment creditor, and therefore has no standing in a court of equity. The admitted facts show that defendant McGahey disposed of all of his property, absconded from the jurisdiction of this State, and his whereabouts could not be ascertained; that process could not be had upon him in Michigan. It would have been impossible under the circumstances for complainant to obtain a judgment against the principal defendant McGahey. We find from the authorities it is not an inflexible rule that a judgment at law must be obtained by a creditor before resort to equity. There are exceptions to this rule in cases where a judgment cannot be obtained be-

cause the debtor is dead, or has absconded from the State, and has no property in the State. This was recognized by this court in *Earle* v. *Kent Circuit Judge*, 92 Mich. 285, 289 (52 N. W. 615), where the court said:

"The complainant claims that while the general rule in all the States, statute or no statute, is that there must be a judgment and a return of execution unsatisfied before a resort can be had to equity, still that there are, and always have been, exceptions to this general rule in special cases, as where a judgment cannot be obtained because the debtor is dead, or has absconded, or removed from the State, or is a nonresident. This claim is supported by the following among other cases [citing many authorities].

"The statute * * * cannot be said to point out the only conditions of equitable relief in cases of this kind. If it should be held to apply only to home judgments, as the New York statute, of which ours is a copy, has been interpreted in that State (*Tarbell* v. *Griggs*, 3 Paige [N. Y], 207 [23 Am. Dec. 790]), it would not, in our opinion, bar equitable relief in cases where a compliance with the statute was rendered impossible by the death, absconding, or removal from the State, or nonresidence of the debtor."

In the case cited, from which these excerpts are taken, the amended bill showed that a New York judgment had been obtained, yet the court recognized the exceptions to the general rule. Further, the remedy in the instant case is given by the statute, by which any and all creditors may, as soon as knowledge comes to them that the requirements of the statute have not been followed, proceed immediately, not to set aside the sale, but to impound the property or its proceeds. Upon application of any of the creditors, "any purchaser shall become a receiver and be held accountable," etc., is the reading of the statute, and for this reason the judgment creditor rule does not apply.

The contention that complainant has a complete

and adequate remedy at law is based upon the decisions of this court in construing the bulk sales act. The bill of complaint was filed in behalf of complainant and all other creditors of defendant McGahey. It sets up an equitable cause of action, and shows that this property is being sold and disposed of by defendants, and complainant will be left remediless, unless the court interferes. Its charges and averments of fact are not in dispute. There is no pretense on the part of appellant that any of the requirements of the bulk sales act were followed by either party to the sale. The defendant McGahey had absconded after the transfer of all his property to defendant Baker, who in turn sold the property to defendant Schmidt before the institution of this suit. The bill prays for an accounting, a receiver, and an injunction.

The bill of complaint is not filed upon the theory of a judgment creditor's bill, or a bill in aid of execution, but upon the theory that the statute made the transfer to defendant Baker absolutely void as to creditors; that creditors of McGahey are entitled to reach this property and apply it upon their claims; that for such purpose it is necessary to have a receiver, an injunction, and an accounting. It is contended by complainant that by reason of the circumstances of this case he has no adequate remedy at law.

The bulk sales act has been before this court for consideration and construction several times, and, from an examination of the decisions of these cases, it is clear that, while the court has held a remedy by garnishment was permissible, it has refused to hold that it was the exclusive remedy under the statute. In the decisions upon the questions raised under this statute, this court has been unanimous only in holding that the law is constitutional, and that in case of a sale void thereunder the seller is a necessary party. To deny jurisdiction to a court in equity would be contrary to a fair interpretation of this statute,

which, by its title and the language used in it, indicates that it was enacted for the purpose of preventing frauds by debtors upon creditors, and made certain transfers "void as against the creditors of the seller," if the requirements of the act were ignored, and, further, made the purchaser in such cases a "receiver" to be held accountable to the creditors of the seller upon application of any of such creditors.

This is not a statement of the arguments made by counsel in previous cases in favor of exclusive jurisdiction in equity, but is in support of the proposition that it was the legislative intent not to deprive equity of jurisdiction. The statute creates a trust fund in the hands of the purchaser for the benefit of all creditors. The profession understands that the usual proceeding where an application is made to a court by a creditor against a receiver or trustee is by a bill or petition in equity, and such proceeding is not like one in garnishment where the reward inures only to the benefit of the swift creditor, but is a proceeding where every creditor is entitled to his just proportion of a trust fund. Cases are arising under this statute where an action at law is not an adequate remedy.

*Bixler* v. *Fry*, 157 Mich. 314 (122 N. W. 119), was a case quite similar to the instant case. In one of the opinions written by Mr. Justice MOORE, it was said:

"The questions raised by this record have not been passed upon by this court, and, so far as we are advised, by any court. The effect of the demurrer to the bill is to admit the truth of its averments. * * * The case is unlike the two cases already cited, which were proceedings in behalf of a single creditor. The bill is filed, not only in behalf of the complainant, but in behalf of all the other creditors. It calls for an accounting and for a receivership. It is not necessary to quote the provisions of Act No. 223, Pub. Acts 1905, as they are so easily accessible, but we think a reading of them establishes the authority of a court

of equity to interfere in such a case as is stated in the bill of complaint."

In the instant case all allegations setting up a case warranting equitable relief are contained in the bill of complaint. It makes a stronger case for complainant than that stated in *Bixler* v. *Fry, supra*. These facts alleged are admitted, and from them it appears that complainant has no adequate remedy at law. He has brought himself within the rule which permits the maintenance of a bill by one who is not a judgment creditor, if under the circumstances of this case such a showing is necessary.

Appellant also contends that in any event the complainant is not entitled as a creditor to recover under this void sale for the reason that he waived all rights under the statute. The record shows that this claimed waiver occurred after the completion of the sale, and was entirely without consideration, during a brief conversation had by McGahey, in the presence of Baker, with complainant, who knew nothing about the sale or the circumstances surrounding it, or that it had been made contrary to the provisions of law. This contention requires but brief consideration. It is too well settled to require citation of authorities that there can be no waiver of rights without knowledge of the facts upon which it is based. A waiver has been aptly defined, as follows:

"It is an intentional relinquishment of a known right, or such conduct as warrants an inference of a relinquishment of such right."

The record shows no waiver on the part of complainant.

Our construction, therefore, is that by the provisions of this act jurisdiction is given to courts in equity to grant relief to creditors. This jurisdiction is not exclusive. *Musselman Grocer Co.* v. *Kidd, Dater & Price Co.*, 151 Mich. 478 (115 N. W. 409).

The decree of the circuit court in favor of complainant and against defendant and appellant Herman D. Baker is as to him in all respects affirmed, with costs of both courts in favor of complainant and against such defendant and appellant.

A decree will be entered in this court accordingly.

BROOKE, KUHN, STONE, MOORE, and STEERE, JJ., concurred with MCALVAY, C. J. BIRD, J., concurred in the result.

OSTRANDER, J. (*dissenting*). The opinion of Mr. Justice MCALVAY covers considerable ground, and is prepared so as to rule several distinct points. He first rules that, because no demurrer was interposed, defendant (appellant) was precluded at the hearing below, and is precluded in this court, from raising the question of the jurisdiction of a court of equity in the premises. *Secondly.* He rules that the remedy in the instant case, by which I suppose he means the remedy sought by the bill, is given by the statute, meaning, of course, the sales in bulk act—

"By which any and all creditors may, as soon as knowledge comes to them that the requirements of the statute have not been followed, proceed immediately, not to set aside the sale, but to impound the property or its proceeds. * * * The judgment creditor rule does not apply."

*Thirdly.* He rules that the bill was not filed—

"Upon the theory of a judgment creditor's bill, or a bill in aid of execution, but upon the theory that the statute made the transfer to defendant Baker absolutely void as to creditors; that creditors of McGahey are entitled to reach this property and apply it upon their claims; that for such purpose it is necessary to have a receiver, an injunction, and an accounting."

*Fourthly.* He rules that the sales in bulk act gives

jurisdiction to equity to grant relief to creditors, but that the jurisdiction so given is not exclusive. All of these rulings are of such general importance as to justify a somewhat critical study of their soundness.

If the statute referred to does not give this complainant a remedy, if he is required to resort to general equity jurisdiction and equity rules to maintain his right to file the bill, he must be a judgment creditor. Nothing is better settled than that a simple contract creditor whose claim is not reduced to judgment, and who has no express lien upon his debtor's property, has no standing in a court of equity to obtain seizure of the debtor's property and its application to his debt. We have, further, a statute which recognizes the general rule (1 Comp. Laws, §§ 436, 437) in defining the jurisdiction of chancery courts. Certain facts *must* appear to sustain a judgment creditor's bill, and not appearing, the court cannot proceed. *Vanderpool* v. *Notley,* 71 Mich. 422 (39 N. W. 574) ; *Grenell* v. *Ferry,* 110 Mich. 262 (68 N. W. 144). Jurisdiction in such cases is not acquired because a defendant fails to question it. None of the cases cited in the opinion sustains a contrary doctrine. In *Hollins* v. *Iron Co.,* 150 U. S. 371 (14 Sup. Ct. 127), it appearing that such a suit had been dismissed upon the merits, it was held that it should have been dismissed for want of jurisdiction. Want of jurisdiction of the subject-matter may be urged at any time.

He is right in finding that the bill in this cause is not, and was not intended to be, a judgment creditor's bill. The solicitor for complainant leaves us in no doubt upon the subject. He says, in the brief:

"Section 3 [referring to the sales in bulk law] carves out a new remedy, not before known to the law."

And also:

"One cannot read this statute without at once con-

cluding that it was the intention of the legislature to give the general creditor one new, complete remedy by one action and not compel him to pursue his remedy through several courts."

In this connection it may be observed that the decree appealed from is nothing more or less than a money judgment against appellant Baker primarily and against defendant Schmidt secondarily. There is no decree against the goods and no provision in the decree for selling them to satisfy complainant's demand.

The second and the fourth rulings which I have referred to are the important ones. They agree only in part with complainant's theory.

The statute makes a sale of goods in bulk void as to creditors of the seller, unless accompanied by certain specified formalities. What, in such cases, is the remedy of the creditor of the seller? If the statute gives a remedy, it is clearly a remedy in equity. If it was the legislative intention that the merchandise transferred in violation of the statute, or the value thereof, should be a fund for payment of the debts of the seller, the remedy is in equity.

In *Musselman Grocer Co.* v. *Kidd, Dater & Price Co.*, 151 Mich. 478 (115 N. W. 409), it was the contention of appellants that:

"The legislature meant that on the application of any creditor, and after hearing, the court would make an order declaring the purchaser to hold the goods for the benefit of all the creditors of the seller *pro rata.*"

The contention was overruled; the justices sitting in that case holding that:

"It would destroy the intent of the legislature in passing the act to require the intervention of a court of equity."

The action was garnishment, and a personal judg-

ment against the purchaser of the goods for the amount of the seller's debt to the plaintiff was affirmed.

In *Bixler* v. *Fry*, 157 Mich. 314 (122 N. W. 119), which was a suit in equity, the bill of complaint charged that one R. S. Drew was a retail merchant who became indebted to the complainant for merchandise and also became indebted to others; that Drew sold his stock of goods to defendant Fry, in bulk, without complying with the statute, whereby said Fry "became and is a receiver and liable to said creditors for all goods   *   *   *   that have come into his possession by virtue of the said sale." It was charged that Drew was insolvent. In behalf of complainant and all other creditors of Drew, it was prayed that Fry appear and answer, that he be decreed to hold all of said goods, etc., as receiver and in trust for creditors of Drew, that he come to an accounting and turn over to the court sufficient of the goods to pay Drew's debts, the property to be disposed of and proceeds distributed under the order and direction of the court. No personal judgment against Fry was asked for; but the attempt was to follow the goods as a fund for payment of creditors. The bill was filed according to the theory that the statute, by its terms, imported, if it did not create, an equitable remedy. The court below overruled a demurrer to the bill, and in an opinion used the language following:

"Section 3 of Act No. 223 of the Public Acts of 1905, Michigan, reads:

" 'Any purchaser, transferee, or assignee shall upon application of any of the creditors of the seller, transferror or assignor, become a receiver and be held accountable,' etc.

"The purchaser, transferee, or assignee does not become a receiver and accountable until appointed as such, and he cannot be so appointed, except by a court of chancery. To delay the appointment until the

creditors become judgment creditors would render the statute practically of no benefit in many cases. I do not care to be responsible for such a construction, but rather prefer to give the construction that will secure the results evidently intended by the legislature. Whether Drew ought not to have been made a party, is a question I do not now pass upon, as later he may be added, if deemed necessary. This would seem true, unless made a party, no claim can be made out against Drew in this proceeding. Judgment would have to first be obtained in an action at law against him before the funds in the hands of the receiver could be applied to the liquidation of complainant's claim. The necessity of the case demands that the purchaser be placed in a position of responsibility at the earliest possible moment. Largely for this reason, I overrule the demurrer, granting the usual time to plead."

From the order overruling the demurrer, the defendant appealed. Two of the eight justices who heard the argument were of opinion that the bill was demurrable because Drew was not made a party defendant, and two favored an affirmance of the decree upon the ground that the statute "establishes the right of a court of equity to interfere in such a case." Four of the justices were of opinion that prior decisions of the court disposed of the contention that the statute itself provided for or indicated a proceeding *in rem*, or for the exclusive jurisdiction of courts of equity, and held that a court of equity would assume jurisdiction only when such jurisdiction was warranted by general rules.

Having held that to require the intervention of a court of equity in such cases would destroy the intention of the legislature, having held that the purchaser of the stock of goods is liable in garnishment, having held (*Porter* v. *Goudzwaard*, 162 Mich. 158 [127 N. W. 295]), that a creditor of the seller of a stock of goods in bulk may attach the goods, it would seem to be settled that the statute we are considering does

not give a remedy. It would seem that the court had heretofore been of opinion that creditors of the seller have an adequate remedy at law. And the opinions referred to cannot be harmonized with the theory that the goods sold constitute a trust fund for creditors.

If the effect of these decisions is not that the purchaser of the goods is liable to the creditors of the seller to the extent of the value of the goods, and that such creditors have such, and only such, remedies as, independent of the particular statute, are afforded by law, then I have misunderstood them. If my Brother McAlvay's conclusions are sustained, we come to this proposition, viz.: Any creditor of a seller of a stock of goods in bulk may, *at his election,* pursue the buyer at law, or pursue the goods or their proceeds in equity, without having secured a judgment at law; equitable jurisdiction being grounded upon the statute itself.

How, in practice, can such a proposition be sustained? If the first creditor who acts files a bill in equity, are other creditors thereby deprived of the right to pursue the purchaser in actions at law? If, in a particular case, some creditor institutes garnishment proceedings or attachment and garnishment proceedings, and some creditor later files a bill in equity, will the equity court administer so much of the fund as shall remain after the plaintiff in the law action is satisfied, or will it dislodge the plaintiff in the law case and oblige all creditors to accept an equitable division of the property or of its proceeds? These are questions which at once suggest themselves.

The statute either leaves creditors to such remedies as existed when the law was passed or else it provided a new remedy. If it provided a new remedy, it did so in the words:

"Any purchaser * * * who shall not conform to the provisions of this act shall, upon application of

any of the creditors of the seller, * * * become a receiver and be held accountable to such creditors for all the goods, wares, merchandise, and fixtures that have come into his possession by virtue of such sale."

If it provided a new remedy, it is necessarily an exclusive remedy. The unlawful sale is void. The goods, as to his creditors, belong to the vendor. The vendee is a receiver "accountable to such creditors for all the goods * * * that have come into his possession by virtue of such sale."

In my opinion, it would have been logical if in the initial case presented this court had agreed with the contention of the appellant and had held that the legislative intention, in case the law was disobeyed, was to make the buyer a trustee for creditors of the seller, responsible to all creditors alike for the value of the goods. Such a holding and such a construction of the act would affirm the idea of a new and complete remedy under the statute and preclude the idea that the swift creditor may recoup himself, even to the extent of the entire value of the goods sold, in garnishment or other proceedings at law. But the court rejected this construction of the act and in so doing, I repeat, necessarily decided that no new remedy was given by the statute. Independent of statute, a simple contract creditor has no remedy in equity.

If the construction then placed upon the act was wrong, it can be remedied by overruling the decision and those which followed it. I do not favor such a course, believing the remedy at law to be fairly adequate.

One other proposition remains to be considered, and that is whether the bill can be sustained as a judgment creditor's bill, upon the ground that it was impossible by reason of the debtor's absence to obtain a judgment. It was filed upon no such theory, but according to a theory which I have stated. Moreover,

there is not here present as there was in *Earle* v. *Kent Circuit Judge,* 92 Mich. 285 (2 N. W. 615), the fact that the demand could not be satisfied by an action at law. Plaintiff might have proceeded by attachment and garnishment.

The decree should be reversed, and the bill dismissed, with costs of both courts to appellant.