(89 Misc. Rep. 466)

### KLEIN v. MARAVELAS et al.

(Supreme Court, Appellate Term, Second Department. March, 1915.)

FRAUDULENT CONVEYANCES &—314—BULK SALES LAW—LIABILITY OF PURCHASER.

Under Personal Property Law (Consol. Laws, c. 41) § 44, as amended by Laws 1914, c. 507, providing that the sale in bulk of the seller's stock of merchandise or trade fixtures, other than in the regular course of business, shall be void against creditors, unless there is an inventory of the goods sold and a list of creditors, and making the purchaser a receiver, no personal judgment can be obtained against the purchaser, except upon his failure to account for the property received, but the procedure must be assimilated to that relating to other fraudulent sales, relegating the

&—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

creditor to the judgment creditor's action, under Code Civ. Proc. §§ 1871–1879, and section 3343, subd. 13.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 972; Dec. Dig. ☜☞314.]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by David Klein, doing business under the firm name and style of Samuel Klein & Son, against Sirrontis Maravelas (also known as Sam Maravelas), Nicholas Varounes, doing business under the firm name of Crow Restaurant, and Peter Maravelas. From a judgment for plaintiffs, defendant Peter Maravelas appeals. Judgment, in so far as appealed from, reversed, and judgment directed for Peter Maravelas, dismissing the complaint as to him.

Argued March term, 1915, before JAYCOX, ASPINALL, and KAPPER, JJ.

Ira Wollison, of New York City, for appellant.
Max Arens, of New York City, for respondents.

PER CURIAM.   This action was brought to recover a personal judgment against all of the defendants.   The defendants Sirrontis Maravelas and Nicholas Varounes were indebted to the plaintiff for goods sold and delivered.   These defendants then sold to the other defendant, Peter Maravelas, their stock of goods, fixtures, and good will of their business.   The parties to this transaction did not comply with section 44 of the Personal Property Law (Laws of 1909, c. 45), as amended by Laws of 1914, c. 507.   The plaintiff has recovered a personal judgment against all of the defendants.

It is only necessary to consider one question here, and that is: Can a personal judgment be obtained under the statute (chapter 507, Laws of 1914) against the vendee, except upon his failure to account for the property he has received.   No procedure is prescribed in the statute by which it is to be enforced, except that the vendee may be made a receiver at the instance of a creditor and accountable for all the goods received by him by virtue of the sale.

First it is to be noted that the statute does not make the vendee personally liable.   Such a radical departure from the common and all prior statute law cannot be presumed.   As the statute does not prescribe a method of procedure, the procedure under it must be assimilated to the procedure adopted in relation to other fraudulent sales.   In other words, the creditor is relegated to the old and well-known judgment creditor's action (C. C. P. §§ 1871–1879; Id. § 3343, subd. 13), with such modifications as the statute may render necessary.   In the action, the creditor's proof of fraud will consist of proof that the statute had not been complied with.   In the judgment creditor's action, judgment must be first obtained against the primary debtor and the creditor's remedies exhausted against him before the action can be maintained, and that action seeks only to compel the application of the debtor's property to the payment of his debts, while in this action, without regard to the solvency or insolvency of the primary debtor

or the value of the goods purchased, it is sought to make the vendee personally liable for the full amount of the creditor's claim. There is nothing in the statute to warrant it, and it is repugnant to all our ideas of right and justice.

Judgment, in so far as appealed from, reversed, with costs, and judgment directed in favor of the defendant Peter Maravelas, dismissing the complaint as to him, with costs.