### In re PERMAN.

(Supreme Court, Appellate Division, First Department. March 17, 1916.)

FRAUDULENT CONVEYANCES ⊜305—APPOINTMENT OF RECEIVER—PROCEEDINGS —SALE OF STOCK IN BULK.

Personal Property Law (Consol. Laws, c. 41) § 44, subd. 3, as amended by Laws 1914, c. 507, providing that any purchaser of a stock of goods who shall not conform to the provisions of that section relating to sales of stock in bulk, shall, upon the application of any creditors of the seller, become a receiver and be held accountable as such to such creditors for the property coming into his possession, was intended to make the purchaser a trustee for the benefit of the creditor, but not to make him in all cases a receiver, and he can only be appointed as such receiver by an ordinary suit by a creditor in behalf of himself and others to have their claims adjudicated and the receiver appointed.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 917–919; Dec. Dig. ⊜305.]

Appeal from Special Term, New York County.

Application by Charles Perman for an order appointing the Beaber Tailoring Company the receiver of its property for the benefit of the creditors of Philip Friedman. Order granted, and the Beaber Tailoring Company appeals. Reversed, and receivership vacated.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Isidor Cohn, of New York City, for appellant.
Benjamin F. Schwartz, of New York City, for respondent.

LAUGHLIN, J. The order was granted on the return of an order to show cause obtained by Charles Perman on an affidavit showing that he was a creditor of one Philip Friedman, a merchant tailor who incorporated the appellant and transferred his business to it in bulk without complying with the provisions of section 44 of the Personal Property Law, as amended by chapter 507 of the Laws of 1914; and it directs the receiver to take possession of the business of the appellant, and to continue it for 10 days, and to liquidate the assets, and requires the appellant to account to the receiver for the property and business so transferred. The claims of the creditors have not been adjudicated, and no action has been brought by any of them. The order was granted on notice to the appellant and to the alleged debtor.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Subdivision 1 of section 44 of the Personal Property Law, as so amended, prescribes the conditions to be observed in selling a stock of merchandise in bulk. Subdivision 2 thereof contains definitions and exceptions; and subdivision 3 provides, so far as material to the question presented by the appeal, that:

"Any purchaser, transferee or assignee who shall not conform to the provisions of this section shall upon application of any of the creditors of the seller, transferor or assignor become a receiver and be held accountable to such creditors for all the goods, wares, merchandise, and fixtures that have come into his possession. * * *"

But it is further provided therein that, if the provisions of the statute have been complied with, then the purchaser, transferee, or assignee shall not be so accountable. It may be competent for the Legislature to provide a summary remedy for creditors in such cases by motion, and to have their claims adjudicated in the proceeding, and the property appropriated for the payment thereof; but that would be a wide departure from the administration of justice as it has heretofore existed, and we find no provision in the statute indicating such an intent on the part of the Legislature, for the statute contains no provision regulating the procedure. When the statute is called into operation, what it contemplates is that the purchaser, transferee, or assignee shall be deemed to hold the property as trustee for the benefit of the creditors, but not that he shall in every case and under any and all circumstances be deemed or be appointed receiver. The court may permit him to hold the property and account therefor as receiver, and should do so if that may be done with safety to the rights of the creditors; but, if their interests require it, the court may appoint another receiver, and require the purchaser, assignee, or transferee to account to such receiver for the property.

We are of opinion that the remedy of the creditor is to bring an action against the debtor and the purchaser, transferee, or assignee, in behalf of himself and all other creditors, in which his and their claims may be adjudicated, and in such action to make the application to the court to have the purchaser, transferee, or assignee designated a receiver, and to require him to account as such. This court held, in Touris v. Karantzalis, 170 App. Div. 42, 156 N. Y. Supp. 526, that the remedy given by the statute was intended for the benefit of general creditors, as well as judgment creditors; but that was a suit in equity for the benefit of all creditors, which is, we think, the appropriate remedy.

It follows that the order should be reversed, and the receivership vacated, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.