JOSEPH M. SEMMES et al., Respondents, v. RU-
DOLPH STECHER BREWING COMPANY, Ap-
pellant.

St. Louis Court of Appeals, July 5, 1916.

1. **CHATTEL MORTGAGES:** Fraudulent Conveyances: Noncompliance
with Bulk Sales Law. A chattel mortgage conveying a stock of mer-
chandise, fixtures, etc., to secure a note due one day after date for
the amount of a past indebtedness owing the mortgagee, and pro-
viding that the mortgagor should thereafter conduct the business
as manager for the mortgagee and should pay the proceeds to the
mortgagee, after deducting his salary as manager and other ex-
penses, to be applied in payment of the debt secured, was fraudulent
and void as to other creditors of the mortgagor, where the mort-
gagee did not receive, prior to the transfer, a verified written state-
ment containing the names and addresses of all creditors and did
not notify the creditors before taking possession of the stock or pay-
ing the consideration, as required by the Bulk Sales Law (Laws
1913, pp. 163-165).

2. **FRAUDULENT CONVEYANCES:** Noncompliance with Bulk Sales
Law: Liability of Purchaser. In an action under section 2 of the
Bulk Sales Law (Laws 1913, pp. 163-165), providing that if the
purchaser fraudulently fails to comply with the law, he shall, on
application of any of the seller's creditors, become a receiver,
accountable to such creditors for all the merchandise received on
the sale, the court should not render a judgment *in personam*
against the fraudulent purchaser, but should constitute him a re-
ceiver, accountable to the seller's creditors; the court to take such
steps in the receivership as may appear proper to protect the rights
of the creditors.

Appeal from Cape Girardeau Court of Common Pleas.—
*Hon. R. G. Ranney,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. H. Doris* for appellant.

(1) Equity will not aid one to obtain relief from a
position in which he is placed by his own negligence.
Thompson v. Lindsay, 142 Mo. 53. (2) A chattel mort-
gage covering a stock of goods and providing for fu-

ture advances to replenish the mortgaged stock of merchandise, and applying the mortgage to after required goods, and giving the mortgagor possession and a right to sell in the regular course of business by turning over the daily proceeds to the mortgagee, is not void on its face by reason of any or all of said provisions. Smith Wallac Shoe Co. v. Wilson, 63 Mo. App. 326; Book v. Beasly, 138 Mo. 461; Hargadine v. Henderson, 97 Mo. 395; King v. Graves & Ruff, 42 Mo. App. 168; McDonald Dry Goods Co. v. George A. Kennard Gro. Co., 68 Mo. App. 290. (3) Where a sale of a stock or merchandise in bulk is fraudulent under the Bulk Sale Law, section 1, a creditor of a seller may, despite section 2, attach the stock under R. S. 1909, section 2294, subd. 7, and section 2344, without showing that any particular part of the goods was sold by him. Joplin Supply Co. v. Smith, 182 Mo. App. 212.

*Thomas F. Lane* for respondent.

(1) Where a mortgagee of personal property permits the mortgagor to remain in possession thereof and sell the property in the ordinary course of business, for his own use and benefit, the mortgage is rendered fraudulent as to creditors and subsequent purchasers. Lasswell v. Henderson, 144 Mo. App. 396; Jackson v. Burgess, 143 Mo. App. 438; Guthrel v. Guthrel, 153 Mo. App. 214; Embree v. Roney, 152 Mo. App. 252; Cobbey on Chattel Mortgages, sec. 273. (2) If upon the whole record, the judgment is for the right party it should be affirmed; or, if on the face of the whole record some other kind of judgment ought to be rendered, in favor of the respondent, it is the duty of the appellate court to render such judgment as should have been rendered by the court of common pleas, or to affirm the judgment and remand the cause with directions to the lower court to enter the proper judgment. Revised Statutes 1909, secs. 2082 and 2083; State ex rel. v. Trust Company, 209 Mo. 472; Henry County v. Salmon, 201 Mo. 136; Dickson v. Rouse, 80 Mo. 224; Rice v. Shipley, 159 Mo. 399; State ex rel. v. Walbridge, 153 Mo. 195; Milliken-

Helm Com. Co. v. Albres Com. Co., 244 Mo. 38. (3) A conversion is shown when one person unlawfully interferes with the property of another, and assumes and exercises dominion over it in disregard and to the exclusion of one's rights therein. Peoples State Savings Bank v. Railroad, 158 Mo. App. 519; Bank v. Railroad, 135 Mo. App. 74. (4) Under the evidence in this case, the Brewing Company having stood silent, and failing to show by any evidence what disposition it had made of the property, failing to show the value of the property, failing to show what had become of the property and standing purely on the legal theory that its mortgage was valid, the court has a right to presume that the property was worth at least the amount of the judgment and that the Brewing Company converted the same to its use. Hoppers v. Hays, 82 Mo. App. 494; Swinney v. Gouty, 83 Mo. App. 549. It was held in the case of Murray v. King, 135 S. W. 107, 153 Mo. App. 710, that the sale of lands held in trust was an equitable conversion into personalty. The illegal taking or wrongful assuming of a right to personal property, constitutes a "conversion," and no further steps are necessary to perfect the right of action therefor. Meyer v. Doeherty, 113 N. W. 671; Wilkson v. Misner, 158 Mo. App. 551; Lucas v. Sheridan, 102 N. W. 1077, 124 Wis. 167; First National Bank of Cinn. v. Felker, 185 Fed. 678; Bergh v. Herring-Hall Morrison Safe Co., 136 Fed. 368, 70 L. R. A. 756. (5) Under section two of the "Bulk Sales Law" a new and additional remedy is afforded the creditor, which did not eixst before; that is, an action in equity to hold the fraudulent transferee of the goods and chattels of the debtor as a receiver, for the benefit of the creditor invoking the remedy. Joplin Supply Co. v. Smith, 182 Mo. App. 212, 167 S. W. 649.

ALLEN, J.—Prior to August 26, 1913, Oscar F. Ruediger, one of the defendants herein, was engaged in the saloon business in Cape Girardeau, Missouri, at which time he was indebted to plaintiffs for liquors sold and delivered to him. On said August 26, 1913, defend-

ant Ruediger executed a certain instrument in the nature of a chattel mortgage by which he attempted to convey to the defendant brewing company all of his stock of merchandise, saloon fixtures, equipment, etc. The consideration named therein was $956.28, which, it is claimed, Ruediger then owed the brewing company; and the instrument purported to secure a promissory note for said sum, of even date therewith, payable one day after date. Among other things, it provided that Ruediger was to thereafter act as manager of the saloon, run and operate it and sell the stock on hand, and at the end of each week make weekly settlements with the brewing company, deducting from his weekly sales the current expenses of conducting the business and $15 per week for hired help, the balance to be paid on the alleged debt.

On October 15, 1913, plaintiffs filed their petition herein, in the nature of a bill in equity, against both Ruediger and the brewing company, setting up that defendant Ruediger was indebted to plaintiffs in the sum of $261,24, and was so indebted on said August 26, 1913; and that on said day he fraudulently assigned and transferred to his codefendant, the brewing company, the merchandise and fixtures mentioned, then owned by him and in his possession. And the petition avers that defendant brewing company did not ''as required by law, demand nor receive from the said Ruediger prior to the alleged sale and transfer of the stock of merchandise and fixtures above described, a written statement containing the names and addresses of all the creditors of said Ruediger, together with the amount of indebtedness due or owing by the said Ruediger to each of his said creditors, and verified by the oath of the said Ruediger as required by law, and certified to be a full, accurate and complete list of his creditors and the amount owing to each, to the best of his knowledge and belief; and the said brewing company did not as required by law notify or cause to be notified by telegraph, or registered mail properly stamped and deposited in the mail, these plaintiffs or other creditors of the said Ruediger, seven

days before taking possession of the said stock of merchandise and said fixtures and equipment aforesaid, or before paying the purchase price thereof or the consideration of the transfer to the said Ruediger of the proposed sale, trade or other disposition of said stock of merchandise or fixtures, nor a general statement of the general character of the merchandise, fixtures and equipment to be disposed of, and the terms and conditions of the purchase, and the parties thereto, the date when and the place where the sale, trade or other disposition of said stock of merchandise, fixtures and equipment was to be finally made as required by law in such case.''

And the petition alleges that since August 26, 1913, defendant brewing company, by its agents and servants, has been in possession of and conducting Ruediger's said business, disposing of the goods and receiving the proceeds of the sales therefor.

The prayer of the petition is that judgment be rendered against Ruediger for the amount of his said indebtedness to plaintiffs, and that the court adjudge and decree the said conveyance to defendant brewing company to be fraudulent and void as to plaintiffs and other creditors; that the brewing company be declared as to these plaintiffs a receiver for the said merchandise, fixtures, etc., and of all sales made thereof since the 26 day of August, 1913; and that said defendant ''be required to pay into court sufficient of the proceeds of said merchandise stock and the sales thereof to satisfy the debt of plaintiffs herein, and the cost of this action,'' and for general relief.

Defendant Ruediger filed an answer admitting his indebtedness to plaintiffs in the sum of $261.24, and confessing judgment therefor, and denying the other allegations of the petition.

The separate answer of defendant brewing company, aside from formal admissions, is a general denial.

195 M. A.—40

The cause was tried before the court as in equity, resulting in a decree in plaintiffs' favor. The court found the facts in plaintiffs' favor, and found the conveyance aforesaid by Ruediger to his codefendant to be fraudulent and void as to plaintiffs and other creditors of Ruediger, because of the failure to comply with the Act of March 25, 1913, known as the Bulk Sales Law. [See Laws 1913, pp. 163-165.] The court thereupon ordered, adjudged and decreed ''that the plaintiffs have and recover of the defendants the sum of $269.85, being the sum of $261.24, together with six per cent. interest thereon from the last day of June, 1913, to the date of this judgment; and for their costs in this behalf expended and have thereof execution.''

From this judgment the defendant brewing company prosecutes this appeal.

It is unnecessary to rehearse the evidence adduced at the trial below. It is sufficient to say that it clearly appears that the court's findings as to the facts are fully warranted by the evidence adduced; and that the court was right in holding that the conveyance in question, to the appellant brewing company, was fraudulent and void, under the ''Bulk Sales Law.'' In view of the character of the instrument and the evidence adduced respecting the transaction, it sufficiently appears that it was sought to transfer to appellant all of the stock and fixtures mentioned, in fraud of the right of plaintiffs and other creditors, and contrary to the express terms of the statute invoked by plaintiffs.

Appellant's learned counsel, however, contends that the judgment entered is one which the court was not authorized to enter under the law, in view of the nature of the suit and the remedy invoked. This contention appears to be sound; the petition prays judgment against Ruediger, to which plaintiffs are entitled, but it is sought to hold appellant brewing company as receiver for the property in question, under and in accordance with the terms of the Act of March 25, 1913, supra. While other relief is asked, under the theory of plaintiffs' case a general judgment should not have been

entered against appellant, upon this petition. Plaintiffs' right to proceed by attachment, on the ground of a fraudulent transfer by Ruediger of his property, or to invoke other remedy afforded by the law under the circumstances, is a matter here not drawn in question. [See Joplin Supply Co. v. Smith, 182 Mo. App. 212, 167 S. W. 649.] Plaintiffs' petition invokes the particular remedy afforded by the Act of 1913, supra. Sec. 2 of that Act provides that if the vendee fraudulently fails or refuses to comply with its provisions he ''shall upon application of any of the creditors of the vendor become a receiver and be held accountable to such creditors for all the merchandise, or merchandise, fixtures, and equipment, or equipment, that have come into his possession by virtue of said sale, trade or other disposition thereof: *Provided, however,* that nothing in this Act shall be so construed as to give any creditor, manufacturer, wholesale merchant or jobber any right to, or lien on any merchandise or article in any stock of goods, except the goods sold and delivered by such creditor, manufacturer, wholesale merchant or jobber.'' The decree below should, therefore, be such as to constitute the appellant brewing company a receiver, within the terms of the Act aforesaid; and as such receiver appellant should then be held accountable to the vendor's creditors as the Act contemplates, the court taking such steps in the receivership as my appear to be proper to conserve and protect the rights of plaintiffs and other creditors.

The judgment is therefore reversed and the cause remanded with directions to the trial court to enter a decree for plaintiffs in accordance with the views expressed above, and that such steps be taken in the receivership as may appear to be proper. *Reynolds, P. J.,* and *Nortoni, J.,* concur.