## GARDNER v. GOODNER WHOLESALE GROCERY CO.   (No. 1983.)

(Court of Civil Appeals of Texas. Amarillo. July 1, 1922. Certified to Supreme Court Oct. 4, 1922.)

1. Appeal and error ⚌713(3) — Action of court on demurrers not to be shown by bill of exceptions.

Action of the court in overruling demurrers should not be shown by bill of exceptions, under rule 53 for district and county courts (142 S. W. xxi).

2. Appeal and error ⚌634—Assignment held to present question of fundamental error.

An assignment that the petition does not allege facts which furnish any basis for a personal judgment against a defendant presents a question of fundamental error not affected by failure of record proper to show action of court in overruling demurrers.

3. Fraudulent conveyances ⚌47—"Creditor" under Bulk Sales Law.

The word "creditor," in Bulk Sales Law (Rev. St. arts. 3971–3973), includes not only creditors of the business sold, but all other creditors of the seller, without regard to the origin of the indebtedness.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Creditor.]

4. Fraudulent conveyances ⚌182(1)—Liability of purchaser under Bulk Sales Law.

There is no personal liability on the part of a purchaser of a business under the Bulk Sales Law as amended by Laws 1915, c. 114 (Vernon's Ann. Civ. St. Supp. 1918, arts. 3971–3973), in the absence of a failure to account for the goods purchased, and this in a suit brought under the statute, though creditors

---

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

are not precluded from proceeding by attachment, garnishment, or execution against the goods themselves.

Appeal from Wichita County Court; Guy Rogers, Judge.

Suit by the Goodner Wholesale Grocery Company against A. Gardner and others. Judgment for plaintiff, and the named defendant appeals. Reversed and remanded.

Ed Yarbrough, of Electra, for appellant. Weeks, Morrow & Francis, of Wichita Falls, for appellee.

BOYCE, J. The Goodner Wholesale Grocery Company brought this suit against M. H. Townsend, W. S. Bryant, and A. Gardner to recover a balance due for merchandise, sold to M. H. Townsend and W. S. Bryant, as partners. A. Gardner alone appeals from a judgment in favor of the plaintiff against all the defendants named, jointly and severally.

The plaintiff alleged that it sold the merchandise to Townsend and Bryant, who were doing a grocery business, as partners; that thereafter Townsend sold his interest in such business to Bryant and then engaged in a separate business alone; that Townsend then sold this business to A. Gardner; that the sale by Townsend to Gardner was simulated and in fraud of Townsend's creditors. It was further alleged that the provisions of the Bulk Sales Law were not complied with in either sale; "that the said Gardner denies the rights of this plaintiff as against the stock and fixtures aforesaid and asserts his ownership of the property, free from any claims, either against him or against said property and he is made a party hereto, for the purpose of decreeing such sale to be fraudulent and void, and is likewise liable personally for the full amount of plaintiff's debt by virtue of the fact that he has appropriated said property to his own use and benefit, he being by the statutes made trustee or receiver for the benefit of plaintiff and the other creditors of the said Townsend." The prayer is for judgment against all the defendants, for plaintiff's debt, and "decreeing said sale to be void as against plaintiff," and for general relief. The petition contains no allegation as to the value of the property purchased by Gardner from Townsend. An attachment was issued, but this was quashed, so that the judgment is not aided by attachment, garnishment, or other process that would create a lien in plaintiff's favor on the property.

[1, 2] The first two assignments complain of the overruling of demurrers urged by appellant to the plaintiff's petition. The action of the court on these demurrers appears only by bill of exception. This is not the proper method of showing such proceedings. Rule 53 for District and County Courts (142

S. W. xxi); Dobson v. Zimmerman, 55 Tex. Civ. App. 394, 118 S. W. 236; Ilseng v. Carter (Tex. Civ. App.) 158 S. W. 1163. But that assignment which asserts that the petition does not allege facts which furnish any basis for a personal judgment against Gardner presents a question of fundamental error. If no case is pleaded against Gardner, a judgment against him is fundamentally erroneous.

The defendant Gardner's liability is to be determined by the provisions of the Bulk Sales Law contained in articles 3971 to 3973, Revised Statutes. The effect of this law is to be determined with reference to two questions raised by the facts of this case, to wit: (1) Whether the plaintiff was a creditor of Townsend within the terms of the law as applied to the sale by Townsend to Gardner; (2) whether, if plaintiff is such creditor, it would be entitled under its pleading to a personal judgment against Gardner.

[3] So far as we are informed, there is no decision of this state as to the first question. The decisions of other states construing similar laws have held that the word "creditor" as used in such laws includes, not only creditors of the business sold, but all other creditors of the seller without regard to the origin of the indebtedness. Johnston Bros. v. Washburn, 16 Ala. App. 311, 77 South. 461; Fidelity & Deposit Co. v. Thomas, 133 Md. 270, 105 Atl. 175; Galbraith v. Oklahoma State Bank, 36 Okl. 807, 130 Pac. 543; People's Savings Bank v. Van Allsburg, 165 Mich. 524, 131 N. W. 101; C. J. vol. 27, p. 879. We think these decisions are correct.

[4] The Bulk Sales Law of this state was originally enacted in 1909 (Laws 1909, c. 27) and was amended in 1915 (Laws 1915, c. 114 [Vernon's Ann. Civ. St. Supp. 1918, arts. 3971–3973]). The law as it originally read was construed in a number of cases. Owosso Carriage & Sleigh Co. v. McIntosh & Warren, 107 Tex. 307, 179 S. W. 257, L. R. A. 1916B, 970; Gerlach Mercantile Co. v. Hughes-Bozarth-Anderson Co. (Tex. Civ. App.) 189 S. W. 789 (17); Eagle Drug Co. v. White (Tex. Civ. App.) 182 S. W. 378; Barcus v. Parlin-Orendorf Implement Co. (Tex. Civ. App.) 184 S. W. 641; Bewley v. Sims (Tex. Civ. App.) 145 S. W. 1076. These cases held, with the qualification as to the holding in the Bewley v. Sims Case, later referred to, that a purchaser failing to comply with the law took no title to the property as against the seller's creditors, but held such property as trustee; that the property in the hands of the purchaser might be reached by appropriate process, such as attachment, execution, and garnishment; if the purchaser had disposed of the property, or by other acts created a situation where it might not be reached, "he became indebted" to the seller "for its value," and was liable on garnishment to the seller's creditors to account therefor. The latter quotation is from the

opinion in the case of Owosso Carriage & Sleigh Co. v. McIntosh & Warren, 107 Tex. 307, 179 S. W. 257, L. R. A. 1916B, 970, and this conclusion was in accordance with principles established by prior decisions. Willis v. Yates (Tex. Sup.) 12 S. W. 232. But under these decisions there was no personal liability on the part of the purchaser for the debt. Authorities first above cited. A purchaser's liability was that of the holder of a fund belonging in the eyes of the law to the seller, and we do not understand that under the old law this liability could be asserted except through some process that would create a lien on the property or fund. Authorities cited. In the case of Blum v. Goldman, 66 Tex. 621, 1 S. W. 899, where "plaintiffs sued as simple contract creditors of the Goldmans, and obtained neither attachment nor garnishment; but sought by their petition to reach the proceeds of Goldman & Son's goods, alleged to have been fraudulently transferred to their codefendants, by asking a personal judgment for their respective claims against the latter," it was held:

"That the proceeds of property fraudulently conveyed, and in the hands of a transferee who was a party to the fraud, cannot be reached in this way."

The Supreme Court, in the case of Carter v. Hightower, 79 Tex. 137, 15 S. W. 224, had also said:

"It is true that, in a general sense, a creditor who brings an action at law to recover a debt seeks to subject all the defendant's property to the payment of his claim, but he cannot obtain relief against any particular article or class of property, unless a lien be acquired upon it, by the levy of an attachment or the service of a writ of garnishment."

The court, in the case of Owosso Carriage & Sleigh Co. v. McIntosh & Warren, supra, recognized the authority of the holding in such cases as Blum v. Goldman, supra, and distinguished them from the case then being considered, by saying:

"In those cases no lien by garnishment, attachment, or otherwise, had been acquired by the creditor, while in the instant case garnishment lien was secured."

The other cases first above cited are to the same effect. So we think it may be considered as settled that the plaintiff under the allegations of his petition would not, under the law as it was originally written, have been entitled to a personal judgment against Gardner in this case. None of the decisions cited as construing the law of 1909, except Bewley v. Sims, had been handed down at the time the law was amended in 1915. The case of Bewley v. Sims was decided in 1912, and, while the holding is not in conflict with the other cases, some of the language used might be said to be inconsistent with the trustee theory established by the Supreme Court in the case of Owosso Carriage & Sleigh Co. v. McIntosh & Warren, supra. For instance, it was said in the opinion in this case:

"It is true the act declared void any sales such as here alleged; but no trust relation, and no lien upon or right in the property so unlawfully purchased, is specifically conferred upon the vendor's creditors, as would have been so easy, had such been the legislative purpose."

Some other courts also had held that where the purchaser had disposed of the goods he could not be held liable as a trustee. McGreenery v. Murphy, 76 N. H. 338, 82 Atl. 720, 39 L. R. A. (N. S.) 374. It may be possible that these decisions had something to do with influencing the Legislature in the matter of amending the law in 1915.

The new law is very similar to the old. The only difference which we think needs mention in this case is in the fact that the amendment contains this provision, which is not in the old law:

"Any purchaser or transferee who shall not conform to the provisions of this act shall, upon application of any of the creditors of the seller or transferror, become a receiver and be held accountable to such creditors for all goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale or transfer."

The amended law was considered by the Court of Civil Appeals at Austin in the case of Hay v. Behrens Drug Co., 214 S. W. 942, and the court, evidently being of the opinion that the amendment worked a change in the meaning of the old law, held that—

"Whatever may be the rule, where the purchaser or transferee still holds the goods, it is clear that when he disposed of them, and placed them beyond the reach of a creditor by garnishment, attachment, or other process, he is personally liable to the creditor. He is, under such circumstances, a converter of the property, and if the converted property is equal in value or in excess of the creditor's claim he is subject to a personal judgment for the entire debt."

In that case a personal judgment was sustained under the proposition stated without the aid of garnishment. This identical provision of our law appears in the laws of a number of other states. In the following cases the courts of other states were considering the meaning and effect of this same provision: Coffey v. McGahey, 181 Mich. 225, 148 N. W. 357, Ann. Cas. 1916C, 923; Musselman Grocery Co. v. Kidd, Dater & Price, 151 Mich. 478, 115 N. W. 409; Apex Leasing Co. v. Litke, 93 Misc. Rep. 353, 158 N. Y. Supp. 21; Klein v. Maravelas, 89 Misc. Rep. 466, 152 N. Y. Supp. 584; Caro v. Brachfeld (Sup.) 163 N. Y. Supp. 511; In re Pastene & Co. (Sup.) 156 N. Y. Supp. 524;

Touris v. Karantzalis, 170 App. Div. 42, 156 N. Y. Supp. 526; In re Perman, 172 App. Div. 14, 157 N. Y. Supp. 971; Joplin Supply Co. v. Smith, 182 Mo. 212, 167. S. W. 649; Semmes v. Rudolph Stecher Brewing Co., 195 Mo. App. 621, 187 S. W. 604. See, also, note L. R. A. 1916B, 974; 27 C. J. 886–888. Our law, as it reads at present, is a practical copy of the New York law as it appears in the opinion in, the case of Apex Leasing Co. v. Litke, 93 Misc. Rep. 353, 158 N. Y. Supp. 21. The holdings cited are to the effect that the remedy given by this provision is a new one and that, while it is to be applied by a proceeding somewhat in the nature of a creditor's suit, it is not to be governed altogether by the practice in such character of suits; that a simple contract creditor may bring the suit contemplated by the law in behalf of himself and all other creditors "to impound the property and its proceeds," and through the agency of a receiver, appointed by·the court if necessary, and other processes of a court of equity, have an accounting and realizing of the funds and their application to the payment of the seller's indebtedness pro rata. Coffey v. McGahey, 181 Mich. 225, 148 N. W. 356, Ann. Cas. 1916C, 923; Touris v. Karantzalis, 170 App. Div 42, 156 N. Y. Supp. 526, and other cases cited. See, also, Ledwidge v. Arkansas National Bank, 135 Ark. 420, 205 S. W. 808. That the purchaser is not personally liable except on "failure to account for the property he has received," this accounting to be required in the suit to be brought under the statutes. Klein v. Maravelas, 89 Misc Rep. 466, 152 N. Y. Supp. 584. See also, Stuart v. Elkhorn Bank & Trust Co., 123 Ark. 285, 185 S. W 266, Ann. Cas. 1918A, 268. . That no preference is allowed in such proceeding, but all creditors should share alike. Caro v. Brachfeld (Sup.) 163 N. Y. Supp.·511. That the remedy afforded by this provision is not exclusive and does not preclude the creditor from proceeding by attachment, garnishment or execution. Musselman Grocery Co. v. Kidd, etc., 151 Mich. 478, 115 N. W. 409; Joplin Supply Co. v. Smith, 182 Mo. App. 212, 167 S. W. 649. See concurring opinion of Sturgis, Judge, 182 Mo. App. 225, 167 S. W 654. The matter of procedure in such suits has been considered in a number of these cases. ˙Coffey v. McGahey, 181 Mich. 225, 148 N. W. 357, Ann. Cas. 1916C, 923; In re Perman, 172 App. Div. 14, 157 N. Y. Supp. 971; Semmes v. Rudolph Stecher Brewing Co., 195 Mo. App. 621, 187 S. W. 604; Apex Leasing Co. v. Litke. 93 Misc Rep. 353, 158 N. Y. Supp. 21. In the case of In re Perman, 172 App. Div. 15, 157 N. Y. Supp. 972, it is said:

"When the statute is called into operation, what it contemplates is that the purchaser, transferee, or assignee shall be deemed to hold the property as trustee for the benefit of the creditors, but not that he shall in every case and under any and all circumstances be deemed or be appointed receiver. The court may permit him to hold the property and account therefor. as receiver, and should do so if that may be done with safety to the rights of the creditors, but, if their interest require it, the court may appoint another receiver, and require the purchaser, assignee, or transferee to account to such receiver for the property."

In the case of Semmes v. Rudolph Stecher Brewing Co., 195 Mo. App. 627, 187 S. W. 605, it is said:

"The decree below should, therefore, be such as to constitute the appellant brewing company [the purchaser] a receiver, within the terms of the act aforesaid; and as such receiver appellant should then be held accountable to the vendor's creditors as the act contemplates, the court taking such steps in the receivership as may appear to be proper to conserve and protect the rights of the defendants and other creditors."

The New York and Missouri statutes were adopted after the Michigan statute, and the courts of those states follow the construction put on the law by the Michigan courts. It is the rule of statutory construction that—

"When the Legislature passes an act borrowed from a sister state, it passes the act with the intention that it operate as the decisions of the sister state construe the statute." Joplin Supply Co. v. Smith, 182 Mo. App. 222, 167 S. W. 652.

The Michigan decision in the leading case of Coffey v. McGahey, 181 Mich. 225, 148 N. W 357, Ann. Cas. 1916C, 923, and the Missouri decision reported in 167 S. W. had been rendered at the time our own Legislature passed this law in 1915. and this fact should have proper consideration in our own construction of the law. The construction put on this law by these cases appears to us to be reasonable, and we see no good reason why the courts of this state should not follow it.

We are convinced that the amendment of *1915 did not impose any additional personal liability on the purchaser except as it may be asserted in the manner indicated by the* decisions above referred to. As a result of this conclusion, it follows that the plaintiff's petition is insufficient to sustain the judgment rendered against the defendant Gardner. The conclusion first stated may be to some extent in conflict with the decision in the case of Hay v. Behrens (Tex. Civ. App.) 214 S. W. 942. The plaintiff's petition *does not bring the case within the holding of* Hay v. Behrens, and on original consideration we disposed of the case, reversing and rendering it, without expressing an opinion as to the correctness of that decision. As we have become convinced that we should not have rendered judgment here on our original opinion, it has become necessary, in view of further proceedings in the case, that we should state our views as to matters that

would control in such further action of the court below.

The original opinion will be withdrawn and both parties given 15 days within which to file a motion for rehearing should they so desire.

The judgment will be affirmed as to the defendants Townsend and Bryant, and reversed and remanded as to the defendant Gardner.