## TAYLOR v. STERN et al.

(Supreme Court, Appellate Term, First Department.　June 26, 1916.)

1. FRAUDULENT CONVEYANCES ☞237(2)—CREDITOR'S SUIT—STATUTE.
　　A proceeding under Personal Property Law (Consol. Laws, c. 41) § 44, to charge the buyer of a stock of goods with the personal debts of the seller, must be brought in a court of equity.
　　[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 678–680, 684; Dec. Dig. ☞237(2).]

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS ☞274—ASSIGNEE'S ASSENT TO TRANSFER—PROCEEDING TO SET ASIDE.
　　A court of equity alone has jurisdiction of a proceeding by a debtor's assignee to set aside the assent which the assignee on behalf of creditors gave to a transfer of his stock of goods by the debtor.
　　[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 817, 818; Dec. Dig. ☞274.]

3. FRAUD ☞9—MISREPRESENTATION—ELEMENTS OF LIABILITY.
　　A misrepresentation does not give rise to a common-law action for fraud, unless made with intent to deceive, and unless the party to whom it was made relied thereon.
　　[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 8; Dec. Dig. ☞9.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Louis M. Taylor against Jacob Stern and another. From a judgment for plaintiff, defendant Stern appeals. Judgment reversed, and complaint dismissed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Joseph L. Lefkowitz, of New York City, for appellant.

Samuel J. Rawak, of New York City, for respondent.

BIJUR, J. All that the plaintiff pleaded and proved in this case was that he held an assignment of the claims of a number of creditors of defendant Lustig; that he received a telegram from defendant Stern, and talked with the latter over the telephone, and then called on Lustig, when Stern was present. Stern said that he bought out Lustig's stock of goods for $525, had given him a deposit of $75, and was about to pay him the remaining $450; that there was a list presented, prepared by Lustig purporting to give the names of all of Lustig's creditors; that thereupon Stern paid Lustig $450, which Lustig turned over to plaintiff; that as matter of fact, as Stern conceded, the actual price which he paid Lustig for Lustig's stock of goods was $1,000.

[1-3] I am unable to understand what cause of action plaintiff believes that he has either pleaded or proved. If it is a proceeding in some form under section 44 of the Personal Property Law to charge the defendant as "receiver" with the personal debts of Lustig, I assume that it would have to be brought in a court of equity. See Klein v. Maravelas, 89 Misc. Rep. 466, 152 N. Y. Supp. 584. If it is a proceeding to set aside the assent which plaintiff, on behalf of the creditors, gave to the transfer, it is equally true that a court of equity alone would have jurisdiction. Finally, if it be regarded, as the complaint would indicate, as a common-law action for fraud, there are no averments, nor any proof, that the misrepresentation was made with intent to deceive, or that plaintiff relied thereon.

Passing that objection, however, which might be regarded as formal, there appears to be no theory upon which plaintiff can prove or recover his alleged damages. His counsel says in his brief:

"It is needless to say that if plaintiff had known that, instead of $500 having been paid, $1,000 was paid, he would have required the payment in full of the creditors' claims."

This assumption, however, does not take the place of proof, and, assuming that such proof could be made, which I very much doubt, it would still be evident that the damage was not the proximate result of the alleged fraud.

Judgment reversed, with $30 costs, and complaint dismissed, with costs. All concur.