(58 Misc. Rep. 19.)

SCHMITT v. EDISON ELECTRIC ILLUMINATING CO. OF BROOKLYN.

(Supreme Court, Special Term, Kings County. February, 1908.)

INJUNCTION—REFUSAL TO FURNISH ELECTRIC LIGHTS.

Plaintiff's business required the use of electric lights, and he sued to compel an electric lighting company to furnish him an electric current. Defendant alleged plaintiff's misconduct in fraudulently interfering with its meters. *Held*, that the temporary injunction will be granted on plaintiff filing a bond to secure moneys due for any current heretofore consumed, and for all moneys that may become due pending the trial of the action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 305, 306.]

Action by Valentine Schmitt against the Edison Electric Illuminating Company of Brooklyn. Motion for temporary injunction granted.

Hugo Hirsh, for plaintiff.
Charles I. Taylor, for defendant.

CARR, J. The plaintiff conducts two large establishments for public entertainment in the borough of Brooklyn, one a saloon, and the other a restaurant and beer hall combined. Heretofore he has used in them large quantities of electric lighting supplied by the defendant. The nature of the business so conducted is such as to require the use of electric lighting. Some controversy has arisen between him and

the defendant; as a result of which the defendant refuses to supply him with any more electric current. The plaintiff complains that the refusal of the defendant will inflict upon him grave and immeasurable damage, unless it be restrained from cutting off the supply of electric light. Electric lighting is used so generally in places of this character that it is very evident that a deprivation of the right to its use would seriously affect the attractiveness of the places in question, and thus interfere most naturally with their volume of business.

The defendant by its answer and opposing affidavits sets up the defense, in justification of its refusal, that the plaintiff has heretofore misconducted himself in the use of the electric current supplied by the defendant, and has interfered or permitted others to interfere with the meters placed in his establishments by the defendant, for the purpose of cheating it out of its legitimate charges. On this motion the defendant insists most strongly that, inasmuch as it denies many of the material allegations in the complaint, no temporary injunction should be granted pending the trial of the issues; because, as it urges, to grant such an injunction would be to determine the merits of the controversy in advance of the trial. Many authorities are cited in support of this contention. The rule which they declare is well settled, but it seems to me that it has no necessary application to the situation here presented.

It is the statutory duty of the defendant to furnish electric lighting and current to all consumers whose places of business are located within 100 feet of its lines. The allegation in the complaint and the moving papers for the plaintiff show the existence of this statutory duty on the part of the defendant toward the plaintiff. There is no question whatever but that the defendant must furnish this current and supply to the plaintiff, unless it succeeds in sustaining the affirmative defense which it sets up. This affirmative defense is to the effect that the plaintiff has so misconducted himself in dealing with the meters and in failing to pay for current actually used as to render defendant exempt from its statutory obligation to him. In other words, in this case, under the conceded facts, the burden is on the defendant to show that it justifiably refuses the services which are otherwise obligatory. To deny a temporary injunction in this case would be to give the defendant its full relief in advance of the trial upon the merits, where it cannot succeed unless it sustains its affirmative defense. Such being the case, the numerous authorities cited by the learned counsel for the defendant do not apply on this motion.

The motion to continue the injunction pendente lite will be granted on condition that the plaintiff file a bond with two sureties to be approved by this court in the sum of $5,000 to secure to the defendant all moneys now due for any current heretofore consumed, and for all money that may become due pending the trial of the action; and on the further condition that the parties proceed to the trial of the issues herein at a Special Term for trials for March on the second Monday thereof.

Ordered accordingly.