LEVINE v. BROOKLYN UNION GAS CO.

(Supreme Court, Appellate Division, Second Department. October 20, 1911.)

1. TENDER (§ 22*)—OBJECTIONS TO SUFFICIENCY.
    In an action against a gas company for a statutory penalty for shutting off a gas supply on refusal to pay a bill, the point that the plaintiff did not plead willingness to keep the tender of the amount actually due good, or pay it into court, raised at the close of plaintiff's proofs, on motion to dismiss, was taken seasonably.
    [Ed. Note.—For other cases, see Tender, Dec. Dig. § 22.*]

2. GAS (§ 22*)—SUPPLY TO CONSUMER—RIGHT TO SHUT OFF.
    In an action against a gas company for the statutory penalty for cutting off the gas supply, given by Transportation Corporations Law (Consol. Laws 1909, c. 63) § 62, where the company justified its discontinuance of service on the refusal of plaintiff to pay an existing debt, the company must show the debt and a refusal to pay, and plaintiff was not bound to plead willingness to keep the tender of the amount due good, or pay the money into court.
    [Ed. Note.—For other cases, see Gas, Dec. Dig. § 22.*]

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Becky Levine against the Brooklyn Union Gas Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Francis L. Durk, for appellant.

George Tonkonogy, for respondent.

CARR, J. This is an appeal from a judgment of the Municipal Court in the Borough of Brooklyn, in favor of the plaintiff, in an action to recover a statutory penalty against the defendant for cutting off the plaintiff's gas supply. The gas supply was cut off because the plaintiff refused to pay a bill rendered by the defendant in the sum of $1.60 for current supply, and the sum of $3 for arrears for a supply furnished to the plaintiff at her former place of residence. She testifies that she tendered the amount of the current bill, $1.60, in cash, and that the defendant's agents refused to accept it, unless the alleged arrears were paid also. It is now conceded that the charge of arrears was unfounded, and was due to a clerical error on the part of the defendant in failing to make a proper credit in favor of the plaintiff. No doubt the plaintiff did lie by and allow a considerable penalty to accumulate, perhaps with the purpose of mulcting the defendant for its clerical error; but we cannot reverse the judgment simply for this reason, if such was the reason. The whole issue fought out at the trial was whether the plaintiff did actually tender the amount really due. She swore positively that she did so, and the evidence offered by the defendant was simply negative in character. No reason suggests itself why the jury's finding on this point should be disturbed, as against the weight of evidence.

[1] It is urged, however, that as she did not plead willingness to keep the tender good, nor pay the money into court to the credit of the action, the former tender was not sufficient to support a cause of action for a penalty. She testified that, when the defendant's man called to cut off the gas, she offered him a $2 bill, but that he refused to take it unless the whole amount of the defendant's claim was paid. The amount actually due was $1.60. The defendant, however, did not reject the tender on the ground that it was not required to "make change." Technically, a tender of a $2 bill in payment of $1.60 might not be good, if the defendant had objected on that ground, but there is no claim of that.

[2] The point most relied upon is that neither by her complaint did she offer to keep her tender good, nor did she pay the money into court and thus keep it good. This point was raised at the close of the plaintiff's proofs on the motion to dismiss, and, if it be of importance, it was taken seasonably. The learned trial court held, however, that where the lighting company cut off a gas supply on a claim that its customer had refused to pay an indebtedness for gas consumed, it was incumbent upon it to show the indebtedness and a refusal to pay in order to justify its discontinuance of service. The question of penalty is wholly statutory in origin. Its decision depends upon the

interpretation of sections 62 and 65 of the transportation corporations law (Consol. Laws 1909, c. 63). Section 62 relates apparently to the circumstances under which a consumer may ·compel the beginning of a supply of gas, and prescribes a penalty for a refusal to furnish the supply; and section 65 relates to the circumstances under which the lighting corporation may discontinue an existing supply. It has been held by this court in Hoch v. Brooklyn Borough Gas Co., 117 App. Div. 882, 103 N. Y. Supp. 370, that the penalty prescribed in section 62 applies not only to a refusal to begin a supply of gas, but likewise applies when the existing supply of a consumer is cut off unlawfully.

The question, then, is simply one of burden of proof. Where an existing supply is cut off by the lighting corporation, against the will of the consumer, must the consumer show that the lighting company's act was without justification, or must the lighting company justify its conduct? It has been held that, where the lighting corporation seeks to cut off an existing supply of a consumer, the burden is on the corporation to justify its act. Schmitt v. Edison Electric Illuminating Co., 58 Misc. Rep. 19, 110 N. Y. Supp. 44, affirmed 125 App. Div. 909, 109 N. Y. Supp. 1148. The defendant neither pleaded nor sought to prove any justification in cutting off the plaintiff's gas supply. The fact of a tender of all moneys actually due being established at the trial, the conduct of the defendant was clearly unlawful, and the statutory penalty attached to its acts.

Under these circumstances, it may not be urged, even should such be the case otherwise, that the plaintiff's right of action depended in any way upon paying the moneys due into court, to keep the tender good. This is not a case where the rights of the parties rest wholly upon a voluntary agreement between them. The defendant had not simply a right to supply if it saw fit, but it had a statutory duty to supply from which it could not escape, except under defined circumstances.

The judgment should be affirmed, with costs. All concur.