(79 Misc. Rep. 646.)

### HOLLANDER v. WESTCHESTER LIGHTING CO.

(Supreme Court, Special Term, Westchester County. March 14, 1913.)

1. GAS (§ 13*)—GAS SUPPLY—DISCONTINUANCE—JUSTIFICATION.

 Upon showing that a consumer's gas supply was unlawfully cut off by the gas company without her consent, the burden is upon the company to justify by showing an indebtedness by the consumer to it which she has refused to pay, if that be relied on in justification.

 [Ed. Note.—For other cases, see Gas, Cent. Dig. §§ 5–9; Dec. Dig. § 13.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. GAS (§ 13\*)—DISCONTINUANCE—ACTIONS—ALLEGATION OF COMPLAINT.**

In an action to recover penalty for discontinuing an existing supply of gas, the complaint need not allege that plaintiff's premises are within 100 feet of the gas main, as required by Transportation Corporations Law (Consol. Laws 1909, c. 63), in case of an original application to furnish gas; it being presumed, in absence of a contrary showing by the gas company, that the building of a present consumer is within the 100-foot limit.

[Ed. Note.—For other cases, see Gas, Cent. Dig. §§ 5–9; Dec. Dig. § 13.\*]

**3. GAS (§ 13\*)—DISCONTINUANCE OF SUPPLY.**

If a gas company once undertakes to furnish gas to the owner of a building, it cannot afterwards discontinue it because the premises are more than 100 feet from the gas main, when Transportation Corporations Law (Consol. Laws 1909, c. 63) contemplates that the building shall be within that distance of the main in case of an original application for a gas supply; the company having waived that provision by furnishing the gas.

[Ed. Note.—For other cases, see Gas, Cent. Dig. §§ 5–9; Dec. Dig. § 13.\*]

Action by Celia Hollander against the Westchester Lighting Company. On demurrer to the complaint. Demurrer overruled.

Madden & Jordan, of Yonkers, for plaintiff.
Odell D. Tompkins, of Mt. Vernon, for defendant.

TOMPKINS, J. Defendant demurs to the complaint upon the ground that it appears upon the face thereof that it does not state facts sufficient to constitute a cause of action. The complaint alleges that the plaintiff was "at all times heretofore mentioned a subscriber to and used the gas supply furnished by defendant, and that upon becoming such subscriber she filed with this defendant a written application for gas to be supplied to her apartment and made the deposit demanded by defendant." Then follows the allegation that the defendant, without the consent of plaintiff, unlawfully shut off plaintiff's gas supply, although she had previously, and on or about the 10th day of January, 1913, tendered to this defendant the full amount of her indebtedness which defendant refused to receive. The grounds of the demurrer are, first, that the complaint fails to specify the amount of money tendered by the plaintiff, and that such tender has been kept good and paid into court; second, that the complaint fails to allege that the plaintiff's premises are within 100 feet of the defendant's gas main.

[1] I think both of these grounds of demurrer must be overruled. The plaintiff having been a customer of the defendant, and having been supplied at her apartment with gas by the defendant, it is not necessary for the plaintiff to allege or prove any tender of any alleged indebtedness to the defendant in order to maintain this action. Where a lighting corporation cuts off an existing supply of a consumer, the burden is on the corporation to justify its act. Schmitt v. Edison Electric Illuminating Co., 58 Misc. Rep. 19, 110 N. Y. Supp. 44; Levine v. Brooklyn Union Gas Co., 146 App. Div. 464, 131 N. Y. Supp. 255. It is only necessary that the plaintiff allege that the defendant, without her consent, unlawfully cut off the supply of gas that she was receiving, and that is done by the complaint in this ac-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion. The burden then rests upon the defendant to justify its act by alleging and proving an indebtedness by the plaintiff to it, which the plaintiff refused to pay.

[2] I think it unnecessary to allege in this complaint that the plaintiffs' premises are within 100 feet of the defendant's gas main, for the reason that the defendant had accepted the plaintiff as a consumer of its gas, and was supplying her with gas when the act complained of was committed. The statute (Transportation Corporations Law [Consol. Laws 1909, c. 63]) gives two causes of action—one for the refusal of a lighting company to supply gas within 10 days after a written application therefor; and, second, for unlawfully cutting off and discontinuing an existing supply. In the former the complaint must show that the premises for which the supply is sought are within 100 feet of a gas main, but such an allegation is not necessary in an action to recover a penalty for unlawfully discontinuing an existing supply. In such a case the presumption is, from the fact that the lighting company furnished the supply, that the plaintiff's building is within the 100-foot limit; if it is not, and that fact warranted a termination of the service and a discontinuance of the supply, it is a matter of defense, and must be pleaded as such by the defendant.

[3] I think, moreover, that if a lighting company voluntarily undertakes to, and does, furnish gas to the owner or occupant of any building, it cannot cut off or discontinue the supply because the premises may be more than 100 feet from the gas main. In such a case the lighting company must be assumed to have waived the 100-foot provision of the statute, and may not thereafter justify a discontinuance of the service by the fact that the building is more than 100 feet from a gas main. However, it is not necessary to go so far in overruling this demurrer. There is no claim here that the plaintiff's building was more than 100 feet from a main. The defendant's claim is that plaintiff must allege that it is within that distance in order to state a cause of action. I think not. Inasmuch as the defendant had undertaken to and did supply gas to the plaintiff, the burden rests upon it to justify its act in discontinuing that service without the consent of the plaintiff by alleging and proving either an indebtedness to it by plaintiff, the distance of plaintiff's premises from a gas main, or some other good and legal reason.

The demurrer will be overruled, with leave to the defendant to answer the complaint within 20 days upon payment of costs.