Mollie Mach, Appellant, *v*. Herman Baum and Jacob Cash, Respondents.

(Supreme Court, Appellate Term, First Department, February, 1917.)

Sales — when sale void as against creditors of seller — conversion — Bulk Sales Act (Personal Property Law, § 44 [1, 3]).

　Where the sale of a stock of goods comes within the Bulk· Sales Act (Personal Property Law, § 44), subdivision 1 of which provides that a sale of the character therein referred to "shall be void as against the creditors of the seller" unless certain requirements are complied with by both the seller and the buyer, such a creditor may proceed as if there had been no sale, and subdivision 3 of said section which provides additional means of reaching property that a debtor may have sought to put out of the reach of his creditors is not in conflict with but complements subdivision 1 of said section.

Appeal from judgment of the Municipal Court of the city of New York, borough of Manhattan, second district, in favor of defendants, after trial by the court without a jury.

Maurice Millimet, for appellant.

Max Miller, for respondents.

Mullan, J.　The defendant Cash, a city marshal, on March 7, 1916, seized the stock in trade of one Daniel Mach, the son of the plaintiff, upon levy under execution of a judgment obtained by the defendant Baum. The plaintiff claims that at the time of the levy she was the owner of the seized goods, by virtue of a bill of sale to her executed by the judgment debtor, Daniel Mach, on February 16, 1916, and she brings this action

against both Baum and Cash for conversion. At the trial, and on the briefs, there was much discussion of fraud, but, although the sale seems clearly to have been fraudulent, the decision must rest upon a determination not of whether there was a fraudulent sale, but of whether there was any sale. It is conceded that the transaction here in question comes within the scope of the Bulk Sales Act (Pers. Prop. Law, § 44), subdivision 1 of which provides that a sale of the character therein referred to " shall be void as against the creditors of the seller " unless certain requirements are complied with by both vendor and vendee. It is also conceded that the requirements of the statute were not complied with, but plaintiff's counsel contends that the act does not permit a creditor in such a case to proceed as if there had been no sale, but compels him to go into a court of equity and have the sale declared void, and to sustain his argument he relies largely upon subdivision 3 of this section providing that a vendee " who shall not conform to the provisions of this section shall upon application of any of the creditors of the seller, transferrer or assignor become a receiver and be held accountable to such creditors for all the goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale, transfer or assignment." But subdivision 3 is not in conflict with subdivision 1; it complements it by providing an additional means of reaching property that the debtor may have sought to put out of the reach of his creditors. Plaintiff's counsel in his brief summarizes his contention by asking these questions: " Is it the duty of a creditor desiring the benefits of this act, to have the sale declared void by an action to be commenced by him in the Supreme Court, or is the statute so broad

and drastic as to permit him to treat the sale, although not in fact fraudulent and made for a valuable consideration, *ipso facto* null and void, and is he justified in proceeding against the property as if there had been no sale?'' We think the first question must be answered in the negative, and the other two in the affirmative. The constitutionality of the statute having been upheld (*Klein* v. *Marevelas,* 219 N. Y. 383), an imperfect sale of such a character as to bring it within the purview of the statute in question has, as to a creditor of the transferrer, no legal *status* or inception, unless the creditor should elect to invest it with such a *status* by pursuing his remedy under subdivision 3 and treating the transferee as a holder of the subject matter of the sale for his benefit. Nor does it matter at all that the sale be made in good faith. It may be that the act in its present form was drawn upon the theory that as fraudulent intent is difficult of proof it were better that all sales be conclusively presumed to have been made in bad faith, but whatever may have been the theory of the legislature its mandate is clear that the sale to be valid must be accompanied by the performance on the part of the vendor and vendee of the prescribed conditions. As in the case of the sale here in question these conditions were not performed, it follows that title never passed from the judgment debtor, Daniel Mach, to his mother, the plaintiff, and so the seizure by the marshal was not conversion.

Guy and Bijur, JJ., concur.

Judgment affirmed, with twenty-five dollars costs.