ISRAEL BECKER, Plaintiff, *v.* BROOKLYN EDISON COMPANY, INC., Defendant.

Municipal Court of the City of New York, Borough of Brooklyn, Third District, June, 1923.

**Public service corporations — payment of bill for electric current used by former occupant of premises with full knowledge of facts — when money cannot be recovered.**

Plaintiff purchased the stock, fixtures and the good will of the business of one who then was indebted to the defendant in a certain sum for electric current supplied in his place of business. After payment of the customary deposit plaintiff was supplied by defendant with current for about ten days when it was shut off because of the indebtedness of the former owner of the business. Upon advice of counsel plaintiff paid such indebtedness under protest and received a receipted bill made out to the former owner. *Held,* that the bill having been paid with full knowledge that it was a just claim, the payment

was voluntary, and plaintiff not having either before or after he paid the bill availed himself of the right to sue for the penalties prescribed in section 62 of the Transportation Corporations Law, his complaint to recover back the money upon the theory that it was paid under duress will be dismissed.

ACTION to recover payment of money.

*Bernhard Ginzberg,* for plaintiff.

*Ingraham, Page & Moran,* for defendant.

BOGENSHUTZ, J.    Plaintiff sues to recover the sum of $121.10 alleged to have been wrongfully exacted by defendant.    Defendant, a transportation corporation, denies plaintiff's right to a return of the money, contending that it demanded and received it in payment of a just claim; that it was a voluntary payment.    As authority for his right to recover plaintiff invokes the rule that " when a party is compelled by duress of his person or goods to pay money for which he is not liable it is not voluntary but compulsory and may be recovered."    *Harmony* v. *Bingham,* 12 N. Y. 99, 116. Defendant contends the situation presented must be governed by the rule " that money voluntarily paid to one authorized to receive under a claim of right to the payment, with knowledge of the existing facts cannot be recovered back."    *New York & Harlem R. Co.* v. *Marsh,* 12 N. Y. 308; *Flower* v. *Lance,* 59 id. 603; *Payne* v. *Witherbee, Sherman & Co.,* 200 id. 572.    The testimony shows that on October 14, 1921, plaintiff applied to the defendant to be supplied with electric current in his place of business known as the Brooklyn Bargain Store at 617 Grand street, Brooklyn.    He had purchased the business, stock, fixtures and good will a few days before from one I. Cohn who had been a customer of defendant and indebted to it for current supplied in the sum of $120.10.    After paying the customary deposit he was supplied with current for about ten days, when it was shut off.    He inquired at defendant's office for the cause, and was informed of the indebtedness by the former owner and advised to pay it under protest, and the supply of current would be restored.    After consulting his lawyer he made the payment under protest and received a receipted bill made out to I. Cohn. Plaintiff contends that in demanding and compelling the payment as a condition of getting the service restored, the money was exacted under duress, against the exercise of his free will, especially because he paid under protest and acted in protection of his property and business necessities.    As already stated, defendant contends that the payment was voluntary; made with knowledge of the existing facts; that its demand was based on a just claim for which plaintiff was answerable.    It will be observed at the outset that although

7

plaintiff considered defendant's action in shutting off the current after it had contracted to give the supply a breach of contract, plaintiff did not, either before or after the payment, avail himself of the right to sue for the penalties prescribed in section 62 of the Transportation Corporations Law (Laws of 1909, chap. 219). *Tismer* v. *New York Edison Co.*, 228 N. Y. 156; *Hollander* v. *Westchester Lighting Co.*, 79 Misc. Rep. 646. Nor of the right to apply for an injunction. *Schmitt* v. *Edison El. Illuminating Co.*, 58 Misc. Rep. 19; affd., 125 App. Div. 909. His right to a continuation of the supply, even though the former owner was indebted to defendant, could not be disputed. *Hoch* v. *Brooklyn Borough Gas Co.*, 117 App. Div. 882. On the other hand, defendant's right to shut off the supply in case plaintiff was obligated to pay arrears cannot be questioned. Trans. Corp. Law, § 65; *Hewsey* v. *Queens Boro G. Co.*, 47 Misc. Rep. 375. I am mindful of the rule that where a lighting company cuts off an existing supply, it must show justification for its action or suffer the consequences. *Levine* v. *Brooklyn Union Gas Co.*, 146 App. Div. 464; *Schmitt* v. *Edison El. Illuminating Co.*, *supra*. In the entire circumstances shown by the proof it is my opinion that defendant has shown justification for its action in shutting off plaintiff's supply until the Cohn bill was paid. This conclusion arises from the following facts : In July, 1921, a petition in involuntary bankruptcy was filed against Cohn and a receiver appointed. The alleged bankrupt thereupon negotiated with his creditors (excepting defendant) for a settlement. A composition agreement resulted which was approved by the court. In order to obtain the funds necessary to pay the creditors, Cohn sold and transferred the business, the entire stock, and fixtures to plaintiff for $2,300. Whether the creditors were paid does not appear from the record before me. It is not disputed that defendant was a creditor and has not been paid. As a creditor it was entitled to the protection given by section 44 of the Personal Property Law (Laws of 1909, chap. 45). *Touris* v. *Karantzalis*, 170 App. Div. 42; *Mach* v. *Baum*, 98 Misc. Rep. 607; *Apex Leasing Co., Inc.*, v. *Litke*, 225 N. Y. 625, affg. 173 App. Div. 323. In the absence of proof showing that defendant had been listed and cited in the bankruptcy proceeding, and participated in the composition agreement, or had received notice of the proposed sale, the transfer did not impair its rights. In other words, where a transfer in bulk is made of a stock and fixtures without compliance with section 44 of the Personal Property Law, as amended by Laws of 1914, chapter 507, the right of a creditor to proceed by appropriate action against both seller and purchaser is not affected. *Klein* v. *Maravelas*, 89 Misc. Rep. 466; *Matter of Perman*, 172 App. Div. 14; *Caro* v. *Brachfeld*, 163 N. Y. Supp. 511.

Even the recovery of a personal judgment may be had where the circumstances justify it. *Klein* v. *Maravelas, supra.* Plaintiff was chargeable with knowledge of the facts, defendant's rights and his own obligations. The conclusion is forced that the payment was voluntary. It discharged a just claim, and is beyond recall. Plaintiff has failed to prove his cause of action, and the complaint must be dismissed.

Judgment accordingly.