J. Edward Clark, Respondent, *v.* Utica Gas and Electric Company, Appellant.

Fourth Department, November 9, 1928.

*Richard B. Conley* [*Myron G. Bronner* of counsel], for the appellant.

*J. Herbert Gilroy*, for the respondent.

Clark, J. This action is brought to recover a penalty under section 12 of the Transportation Corporations Law.

The defendant is a domestic corporation supplying electricity to inhabitants of the city of Utica, and on the 13th day of January, 1928, plaintiff was one of its customers receiving electric current at his premises 131 Lafayette street in that city. On or about said date defendant, without plaintiff's consent, discontinued the service at said premises, and plaintiff claims it was an unlawful proceeding, and he brings this action for the penalty prescribed by statute.

The defendant by the 3d paragraph of its amended answer alleged as a defense that it discontinued its electric light service to plaintiff solely because he refused and neglected to pay defendant the remuneration due for electric light service previously supplied to him.

The court on motion of plaintiff under rule 109 of the Rules of Civil Practice struck out this defense as being insufficient in law.

It appears by the 4th paragraph of the amended answer that between September 24, 1925, and June 3, 1926, defendant furnished

electric light service to plaintiff at his request at his premises in Oswego street, Utica, of the value of forty-four dollars and forty-six cents, for which plaintiff has refused to pay, which amount defendant alleges was due it from plaintiff when the service was discontinued at Lafayette street.

Plaintiff denies any prior indebtedness to defendant. The sole question to be determined here is whether under sections 12 and 15 of the Transportation Corporations Law (as amd. by Laws of 1926, chap. 762), electric service can be withheld from a customer at one location because of an unpaid bill for service rendered the same customer at another location.

Section 12 of the Transportation Corporations Law provides that " Upon written application of the owner or occupant of any building within one hundred feet of any main of a * * * gas and electric corporation * * * and payment by him of *all money due* from him to the corporation, it shall supply * * * electricity as may be required for lighting such building * * *." And section 15 provides that " If any person supplied with * * * electric light by any such corporation shall neglect or refuse to pay the rent or remuneration due for the same * * * such corporation may discontinue the supply of * * * electric light to the premises of such person."

There is nothing in the statute limiting the right to discontinue service to any particular premises. It says that a property owner is entitled to service upon payment by him of all money due from him to the corporation, and if any such person shall refuse to pay an amount due, the corporation has the right to discontinue service, but there is nothing in the statute limiting this right to any particular building or premises, and we have no right to read into the statute something that it does not contain, and which it was clearly not intended to contain. Before a person can command service from an electric light company he must pay *all money* due the corporation, and if he fails to pay the latter may discontinue service. That is what the statute says and the meaning is perfectly clear.

Defendant concededly cut off plaintiff's supply at his Lafayette street premises. It seeks to justify that action by alleging in paragraph 3 of its amended answer that plaintiff refused to pay a just claim for prior service. The burden rests on defendant to justify its act, and the way to do it is to allege and prove the indebtedness and plaintiff's refusal to pay. (*Hollander* v. *Westchester Lighting Co.*, 79 Misc. 646; *Levine* v. *Brooklyn Union Gas Co.*, 146 App. Div. 464.)

The old case of *People ex rel. Kennedy* v. *Manhattan Gas Light Co.* (45 Barb. 136) is authority for the proposition that if a customer of a gas or electric light company refuses to pay a just bill owing the company for service, the latter may refuse service and this right is not limited to any particular premises. If a customer owes nothing to a company and otherwise complies with the terms of the statute, he is entitled to service. If there is money due from the customer to the company and he neglects and refuses to pay, the company cannot be required to furnish service.

It is not important that plaintiff alleges and may, as part of his case, undertake to prove that he was not indebted to the company. That should not preclude defendant from alleging and attempting to prove a justification for its acts in discontinuing plaintiff's service, for the statute does not limit the right of the company to discontinue service to the particular building or premises where the default occurred.

The order so far as appealed from should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concur. Present — HUBBS, P. J., CLARK, CROUCH, TAYLOR and SAWYER, JJ.

Order, so far as appealed from, reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.