In the Matter of the Application of LOUIS SULKIN, Petitioner, for a Peremptory Order of Mandamus against BROOKLYN EDISON COMPANY, INC., Respondent.

Supreme Court, Kings County, September 15, 1932.

*Joseph Heller*, for the petitioner.

*Monroe & Byrne* [*Arthur A. Kaye* of counsel], for the respondent.

STEINBRINK, J. In the answer to the petition it is alleged that the respondent for a certain specified period furnished electricity to a store occupied by the petitioner; that the charge for this service has not been paid; that although the petitioner was the actual consumer of electricity and the real occupant of the said store, the application for the service was made by his wife; that because of the non-payment of the aforesaid charge, the electricity furnished

by the respondent to the apartment occupied by the petitioner and his wife was discontinued. The affidavits submitted in opposition to this application recite facts showing the petitioner to be the real owner of the business conducted in the store. It is well settled that facts set forth in answering affidavits on peremptory mandamus proceedings are taken as true. (*Matter of Haebler* v. *New York Produce Exchange*, 149 N. Y. 414, 418; *Matter of County of Ulster* v. *State Department of Public Works*, 211 App. Div. 629.) Under section 12 of the Transportation Corporations Law, an electric corporation is under a positive duty to furnish service upon the request of one who has paid all moneys due from him to the corporation. Section 15 provides that if the one to whom service is furnished refuses or neglects to pay for same, the electric corporation may discontinue such service. These two sections have been construed to authorize such discontinuance even though the indebtedness of the customer arose out of service provided at some other location. (*Clark* v. *Utica Gas Company*, 224 App. Div. 448.) Whether or not the petitioner is actually indebted to the respondent for electricity furnished to the store presents a question of fact which cannot be resolved upon an application for peremptory order of mandamus. (*Continental Guaranty Corporation* v. *Craig*, 207 App. Div. 261.)

Motion for peremptory order of mandamus is denied. An alternative order may, however, issue.