## LEVIN v. BRUMBERG.
### No. 2354.

District Court, E. D. New York.
Jan. 9, 1942.

Sam H. Lipchitz, of New York City, for plaintiff.

Otho S. Bowling, of New York City, for defendant.

BYERS, District Judge.

Hearing on plaintiff's motion to strike certain paragraphs of the answer, as legally insufficient; to strike the answer; and for judgment on the pleadings pursuant to subdivisions (c) and (f) of Rule 12 of Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c; also for summary judgment under Rule 56.

The plaintiff, as trustee in bankruptcy, seeks a judgment declaring void the transfer of certain assets formerly owned by

the bankrupts at their place of business at Patchogue, Long Island, because of the sale in bulk thereof, which was not made in accordance with Section 44 of the Personal Property Law of the State of New York.

Upon proof of the facts alleged in the complaint, the plaintiff would be entitled to an appropriate decree.

The answer with commendable frankness admits failure to comply with the statute, on the part of both the bankrupts and the defendant as purchaser; but denies that the transfer was void, as against the creditors of the bankrupts, as alleged in paragraphs Fourteenth and Fifteenth of the complaint, or that the plaintiff has no adequate remedy at law, as alleged in paragraph Seventeenth.

■ Those denials are addressed to conclusions of law, and the motion to strike them will be granted because they raise no issue of fact.

Paragraph Seventh of the complaint alleges that the bankrupts were indebted to various and divers creditors at the time of the transfer, in a sum exceeding $22,-000, upon unsecured indebtedness provable in bankruptcy. The denial is of "knowledge or information sufficient to form a belief".

■ That form of denial is permitted by Rule 8, subdivision (b), and must be read in connection with the admission of paragraph Thirteenth of the complaint concerning defendant's knowledge that there were unsecured creditors holding claims provable in bankruptcy. The motion to strike so much of paragraph Second of the answer as refers to paragraph Seventh of the complaint is denied.

The first defense is to the effect that the said purchase was for a full and adequate consideration; that the defendant did not know that the bankrupts were insolvent at the time, and had no reason to believe that they were; that in making such purchase the defendant had no intent to defraud, defeat or delay any of the creditors; and that the defendant paid the full consideration, namely, $4,755.

■ The foregoing does not state a defense to the cause of action pleaded in the complaint; see Irving Trust Co. v. Rosenwasser, D.C., 5 F.Supp. 1016; Mach v. Baum, 98 Misc. 607, 163 N.Y.S. 145; and the first defense should be stricken as legally insufficient.

The second defense is that the consideration paid by the defendant was applied by the bankrupts to the payment of their then existing creditors, whereby the various debts of the bankrupts were reduced.

■ Again, no defense to the action is so pleaded, and the motion to strike the second defense must be granted, since the sale was void, as the statute declares.

There may be equities in favor of the defendant, which cannot be disposed of on such a motion, but which may arise upon the settlement of the decree, depending upon what the proof discloses.

In the Rosenwasser case, supra, it is stated in the opinion that, under the testimony, it was clear to the court that the purchaser who had offended this statute had "not been guilty of any fraud or connivance of any kind with anything that the bankrupt did. I find that he was absolutely guiltless of any intent to do anything wrong. * * *."

■ In the trial of this case, the facts touching the defendant's possible participation in any fraud, if such were practiced, or his connivance therein, may have some bearing on the form of plaintiff's decree.

Subdivision 3 of Section 44 of the statute concerning the plaintiff's cause of action provides: "Any purchaser * * * who shall not conform to the provisions of this section shall upon application of any of the creditors of the seller [the plaintiff as Trustee in Bankruptcy] * * * become a receiver and be held accountable to such creditors for all the goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale * * *."

Whether in this case a decree fixing the status of this defendant as receiver, and directing an accounting from him, will provide an adequate remedy to the plaintiff, will necessarily develop from the evidence in the case, which will also tend to establish whether the defendant is entitled to be treated as was the purchaser in the Rosenwasser case, supra, depending upon his actual knowledge of all that was involved in the sale.

For these reasons, the motion for judgment on the pleadings (Rule 12(c) and for summary judgment under Rule 56 must be denied.

■ There can be no preliminary hearing under paragraph (d) of Rule 12 as to

the matters embraced in paragraph (b) of the same Rule, subdivisions (1) to (6), inclusive, as no appropriate issue is tendered by the answer. What has been said above, in denying the motion for judgment on the pleadings, is deemed to be sufficient to cover so much of the notice of motion as refers to the said paragraph (d).

It is deemed necessary, therefore, that the defendant should have his day in court, so that all relevant evidence may be adduced.

It would seem that this case is appropriate for pre-trial under Rule 16, which should be arranged promptly upon the entry of an order hereon to be settled on 2 days' notice, in accordance with the foregoing.