JAMES T. MANLEY et al., Plaintiffs, *v.* CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant.

Supreme Court, Special Term, Queens County, May 15, 1946.

*Patrick J. Beary* for plaintiffs.

*John M. Keegan* for defendant.

HALLINAN, J. Motion by plaintiffs for an order compelling defendant to supply electric service to the plaintiffs pending the trial of this action.

The plaintiffs, with their three children, occupy a second floor apartment in Jamaica. They have been customers of the defendant and its predecessor in interest since November 12, 1941, and have always paid such bills as were rendered in due course. On March 20, 1946, defendant discontinued plaintiffs' electric service on the ground that the meter had been tampered with and had not recorded all the electricity consumed by the plaintiffs.

The first time defendant inspected the meter after the plaintiffs took possession of these premises was on April 10, 1942, at which time the inspector found the seal missing from the meter. He put a new seal on the meter. This seal was found broken on July 2, 1942, and although the company made various inspections in the intervening years, it left the seal in its broken condition until February of this year when it installed a new meter. From the amount of electricity recorded for the eighteen days following the installation of the new meter, defendant then billed the plaintiffs $107.12, this being the company's estimate of the amount of electricity consumed, but not paid for. Plaintiffs refused to pay this sum claiming that they had not tampered with the meter, had always paid such bills as were rendered, and that they did not owe the company any money. It was this refusal which resulted in the discontinuance of service.

On the day following such discontinuance, plaintiff, Carolina Manley, called at the defendant's office to request restoration of service. Defendant took the position that it would restore service only if the plaintiffs paid $107.12. Said plaintiff needed the electric service in order to do her ironing and other housework, to have necessary lights for her apartment and to prevent food from spoiling. Under the circumstances which she claims constituted duress, she signed an agreement to pay the $107.12 in installments and at that time she paid $10 on account. The next day her husband, the other plaintiff herein, called at the company's office and demanded the return of this $10, which was refused him. Thereafter, plaintiffs refused to pay the next installment of this arrearage, whereupon defendant discontinued the service again on May 3, 1946.

The defendant in this case by unilateral action has determined the fact of tampering, the amount which it claimed to be due from the plaintiffs, and discontinued the electric service when plaintiffs did not pay this sum. No trial was had and

no hearing was held before the Public Service Commission, or any other board. Even though the defendant may have intended to be fair in judging the facts and in estimating the amount due, its unilateral action permits it to be the judge of its own case. This is contrary to age-old concepts of justice.

The plaintiffs are entitled to a trial of the issues and there is no reason why defendant should be permitted to determine for itself, in advance of the trial, the merits of the action and arbitrarily discontinue service to them. The rights of these parties do not rest wholly upon a voluntary agreement between them. The defendant is under a statutory duty to supply electricity, except under defined circumstances. "It has been held that where the lighting corporation seeks to cut off an existing supply of a consumer, the burden is on the corporation to justify its act. (*Schmitt* v. *Edison Electric Illuminating Co.*, 58 Misc. Rep. 19; affd. 125 App. Div. 909.)" (*Levine* v. *Brooklyn Union Gas Co.*, 146 App. Div. 464, 466.)

Accordingly, the motion is granted on condition that plaintiffs pay into court the amount now in dispute, to wit: $97.12.

Submit order.