Hyman Barshay, J.
The defendants were indicted in separate indictments for a violation of section 1141 of the Penal Law. They now move to dismiss each of the indictments on several grounds, only one of which the court will consider in this decision, to wit: the lack of jurisdiction of the Additional Grand Jury of June, 1955, as extended, to indict for the crimes alleged.
The Grand Jury which voted these indictments in May, 1956, was duly empaneled by the Hon. Samuel S. Leibowitz, a County Judge of Kings County, as an Additional Grand Jury for the regular June Term, 1955 over which he was duly assigned to preside. This Grand Jury is commonly referred to as the ‘ ‘ Rackets Grand Jury ’ ’. Thereafter by order of the court dated June 30, 1955 the term of this Grand Jury was duly extended to the 31st day of December, 1955 and thereafter by several successive orders the term of the said Grand Jury was extended to *270 June 30, 1956. The last order with which we are concerned provides as follows:
“ At a term of the County Court, held in and for the County of Kings, at 120 Schermerhorn St., in the Borough of Brooklyn, City of New York, on the 20th day of January, 1956
Present: Hon. Samuel S. Leibowits
County Judge
The People op the State op New York against In re 1955-June Term Additional Grand Jury.
Proclamation made and Court Opened
Whereas it appears to the satisfaction of this Court that the Additional Grand Jury which was duly empaneled for the June 1955 Term, Part VI of this Court and that the said Additional Grand Jury had been duly engaged conducting investigations into matters duly presented to that body by the District Attorney.

And it further appearing that the investigations commenced by said Additional Grand Jury have not been completed, and that such investigations be completed.

Now then, it is Ordered by the Court on its own motion, that the aforesaid term of this Court and the Additional Grand Jury empaneled for such term, be extended and the same are hereby extended to the 30 day of June 1956, to permit said Grand Jury to complete the said investigations before that body.
The Court directs the District Attorney to draw an Order to that effect.
True extract from the minutes.

Francis J. Sinnott

CLERK ”
(Italics supplied).
In the affidavit submitted by the District Attorney in opposition to this motion, he conceded that “ during its original term, to wit, the month of June, 1955, no evidence was presented to said Additional Grand Jury concerning any violation of Section 1141 of the Penal Law, nor during that month did said Grand *271 Jury commence any investigation concerning any violation of said section nor was any evidence submitted to said Grand Jury or any investigation conducted by it during the month of June, 1955, and the original Term of this Court concerning any investigation of any subject dealing with obscene or pornographic literature. None Of the persons named as defendant in this indictment was under investigation during June, 1955 for any crime ”.
The issue is, can a regular grand jury, drawn for a stated term and extended beyond that term to complete its uncompleted business, hear, investigate and/or indict for violations of law concerning matters not pending before it during its original term?
The District Attorney contends that since the Grand Jury which returned these indictments was a duly empaneled regular Grand Jury and was duly extended by successive orders of the court, it had a legal existence during the month of May, 1956 when these matters were presented and therefore it had plenary jurisdiction to return these indictments. The correctness of such contention must be found in the statutes or not at all. Courts cannot legislate.
The court in Matter of Grand Jurors Assn., Bronx County, N. Y., Inc. (25 N. Y. S. 2d 154, 155) said: “ It must be borne in mind that each panel of grand jurors is a distinct legal entity and after being duly impaneled has its own duty to perform. That duty is prescribed by law and cannot be enlarged or extended ”.
The powers of a grand jury and the manner and purposes of its extension are set forth in the following sections of the Code of Criminal Procedure.
Section 245 provides: ‘ ‘ The grand jury has power, and it is their duty, to inquire into all crimes committed or triable in the county, and to present them to the court ".
Section 244 in its pertinent parts provides: " The grand jury on the completion of the business before it shall be finally discharged on the opening day of the next term of said court for which a grand jury has been designated unless by order of the court, as provided in this section the grand jury shall have been reconvened and on such day has uncompleted business pending before it, in which event the grand jury shall be finally discharged upon the completion of such business (Italics supplied.)
The above section, enacted in 1950, repealed former section 251 which read: “ The grand jury, on the completion of the business before them, must be discharged by the court; but *272 whether the business be completed or not, they are discharged by the final adjournment of the court.” (Emphasis supplied.)
It is apparent that section 244 in its present form was designed to prevent a mandatory discharge of a grand jury where it still had “ uncompleted business pending before it.” Otherwise it would be manifestly unfair and detrimental both to the interests of the People and defendants and would be an impediment to the proper administration of justice. In construing a statute similar to the one under consideration, the court in United States v. Rockefeller (221 F. 462, 466 [D. C. S. D. N. Y., 1914]) held: ‘' The apparent purpose of this legislation was to provide a way in which a grand jury, with the permission of the court, may complete and conclude any investigation which it has actually commenced. In a district like this one, having monthly terms of court, it must frequently happen that a grand jury will not be able to conclude its work upon a long and complicated ease before the expiration of one term and the commencement of another. If, under such circumstances, a grand jury cannot be permitted to finish its labors, there will follow much unnecessary expense, many unfortunate delays, frequent and severe hardships for the accused, and, sometimes, a complete failure of justice. The statute plainly provides a sure and simple means of avoiding these and other serious consequences.” The power to continue its investigations of “ uncompleted business” does not authorize the extended grand jury to conduct investigations and find indictments for the commission of crimes which were not pending before it during its original term. A contrary construction should not be inferred in the absence of an expressed legislative intent.
Courts have the duty ‘1 to give effect to statutes as they are written and * * * we may not limit or extend the scope of the statute as written unless literal construction of the statute would produce a result which the Legislature plainly did not intend ”. (Matter of Russo v. Valentine, 294 N. Y. 338, 342.)
It would therefore follow that the direction in each of the orders extending the term of the Additional Grand Jury “ to permit said Grand Jury to complete the said investigations pending before that body ’ ’ must have reference to or connection with the crimes for which these defendants were indicted. Since the District Attorney frankly admits that no investigations of any kind concerning the subject matter of these indictments were pending before the said Grand Jury during its original term, it logically follows that these indictments found by the Grand Jury are void for lack of jurisdiction.
*273 To hold otherwise, would permit a grand jury, extended beyond its original term “ to complete pending uncompleted business ”, to take up new business, might perpetuate its existence, and enable a prosecutor to select the grand jury before which he desired to present particular matters and would preempt the regular grand jury then duly in existence from the pursuit of its regular duties. This was not the intent of the Legislature. (Code Crim. Pro., § 244.)
Recently the same Additional Grand Jury during one of its extended terms indicted one Harry Gross for grand larceny. The specific subject matter of that indictment was not pending before this Grand Jury during its original term. The very court which empaneled and extended the terms of this Additional Grand Jury dismissed that indictment and ordered it resubmitted to one of the regular grand juries then in .existence. We do not presume to know the reasons for the court’s action but it is logical to assume that the reasoning was the same as above.
Accordingly the court holds that this Additional Grand Jury was without jurisdiction to find these indictments. The motion to dismiss each of these indictments is therefore granted and each matter is directed to be resubmitted to any regular grand jury duly empaneled at the time of resubmission.
Submit order.