HON. JACK E. KELLY, SR. Town Justice, Southport
This is in response to your letter requesting the opinion of the Attorney General concerning the following situation. You state that, as a Town Justice of the Town of Southport, it is often the case that alleged violators of the Penal Law are arraigned at your home after being transported there by local law enforcement officers. The arraignment procedure includes advising the defendant that, pursuant to section 170.10 of the Criminal Procedure Law, he has the right to communicate with a friend or relative by telephone. You further state that you recently arraigned a defendant at your home who wished to inform a relative or friend of the fact that he had been charged with an offense. He had no friends or relatives within the immediate area. You thereupon allowed him to place a long distance call from your private telephone. Upon receiving the bill, you filed a claim with the Town Board for reimbursement. However, the Town Board has denied your claim, contending that defendants are not authorized to make such long distance calls. You therefore inquire of this office as to whether a defendant arraigned as described above is entitled to make a long distance telephone call free of charge and whether the call is a proper charge upon the town.
Criminal Procedure Law, § 170.10, provides in pertinent part as follows:
 "§ 170.10 Arraignment upon information, simplified traffic information, prosecutor's information or misdemeanor complaint; defendant's presence, defendant's rights, court's instructions and bail matters
* * *
 "3. The defendant has the right to the aid of counsel at the arraignment and at every subsequent stage of the action. If he appears upon such arraignment without counsel, he has the following rights:
* * *
 "(b) To communicate, free of charge, by letter or by telephone, for the purposes of obtaining counsel and informing a relative or friend that he has been charged with an offense; and
* * *
 "4. Except as provided in subdivision five, the court must inform the defendant:
 "(a) of his rights as prescribed in subdivision three; and the court must not only accord him opportunity to exercise such rights but must itself take such affirmative action as is necessary to effectuate them; and * * *" (Emphasis supplied.)
Under the above statute, a defendant is entitled at his arraignment to make a free telephone call in order to obtain counsel and to inform a relative or friend that he has been charged with an offense. By the express wording of the statute, the right to make the telephone call is not limited to local calls. This point was referred to in People ex rel. Kehoe v.Harkness (84 Misc.2d 927 [Supreme Court, Rensselaer County, 1975]), wherein the Court, in reciting the facts of the case, stated (p. 928):
 "The transcript of the proceedings shows the defendant had the charge read to him, was advised of all his rights, including his right to make a telephone call to anyone, and had bail set." (Emphasis supplied.)
The apparent intent of the statute is to allow defendants the right to contact counsel and family or friends without regard to his or her financial resources. No distinction is made between those defendants whose attorney or friends and relatives are within the local calling area and those that are not for purposes of being allowed to make a telephone call to them free of charge. No limiting language is contained in the statute. It has been held that courts have no right to read into a statute something that it does not contain and which it was clearly not intended to contain. (Clark v. Utica Gas Electric Co., 224 App. Div. 448
[1928]). Courts should give effect to statutes as they are written without limiting or extending their scope unless a literal construction of the statute would produce a result plainly not intended by the Legislature (People v. PeriodicalDistributors of Great New York, Inc., 3 Misc.2d 268, affd.162 N.Y.S.2d 180, revd. on other grounds 3 N.Y.2d 658). This would be particularly so in this instance, where the statute in question involves the constitutional right to obtain counsel.
An arraignment held at the home of the town justice is permissible (see Uniform Justice Court Act, § 106 and McKinney's Consolidated Laws of New York, Book 29A, Part 2, pocket part, Practice Commentary, p. 84). Since the Court is required by Criminal Procedure Law, § 170.10(4), to take affirmative action to effectuate defendant's rights, allowing a defendant to make his telephone call from the place of arraignment, even though it be the justice's private residence, is authorized. Section 170.10 indicates that the expense of the telephone call made by defendant shall be a charge upon the local criminal court.
We conclude, therefore, that a defendant arraigned at the home of a town justice pursuant to section 170.10 of the Criminal Procedure Law is entitled to make a local or a long distance telephone call, free of charge, in order to obtain counsel and inform a friend or relative that he has been charged with an offense. The town justice is entitled to reimbursement from the town for the expense of such a call made on his private telephone.