George L. Cobb, J.
The respondent Public Service Commission, after conducting several hearings concerning minimum standards for the insulation of new residences and additions to existing residences, adopted certain standards and ordered that public utilities in this State amend their tariffs so as to require compliance with those standards as a precondition to obtaining or continuing electric service for such residences. The order contemplates that the residence owner would demonstrate that his structure met the standards by filing the prescribed certificate of compliance with the appropriate utility company. In this proceeding, a trade association of fuel oil dealers challenges the authority of the respondent to issue that order and since the former’s standing to do so has already been established, that challenge should now be decided on the merits.
The petitioner does not claim that the respondent’s said order lacks adequate support in the record nor does it claim that the objective of the order is not a desirable one. However, the petitioner does say that the respondent was without authority to impose the said precondition and that the provision of the order concerning the filing of certificates of compliance is an unlawful delegation of the commission’s authority.
The court first notes that public utilities have a statutory duty to furnish certain electrical service to buildings located within 100 feet of their electric lines (Transportation Corporations Law, § 12) and that there are judicial determinations which say that a failure to perform that duty may be excused only for the circumstances described in that statute (e.g., Manley v Consolidated Edison Co. of N. Y., 187 Misc 366, 368). Since insulation of buildings is not mentioned therein, it could be argued that a failure to insulate would not justify a denial of service, but there is impressive support for a contrary view.
The Appellate Division of this Judicial Department in Mat *111 ter of Sleepy Hollow Lake v Public Serv. Comm. (43 AD2d 439), without referring to the last-cited statute, recently decided that, pursuant to the broad powers delegated to the respondent by subdivision 2 of section 5, subdivision 1 of section 65 and subd 2 of section 66 of the Public Service Law, the respondent could properly demand underground installation of electric and telephone distribution facilities in most new residential subdivisions of five dwelling units or more as a precondition of obtaining utility supplied electric service and could properly direct that a portion of the cost of doing so be borne by the home owners or developers to be served. The respondent’s action in imposing that precondition was justified, said the court, because it "effectuates the legislative direction that the utilities provide adequate service and facilities which are in all respects just and reasonable, and further complies with the direction of subdivision 2 of section 5 of the Public Service Law that the commission encourage long-range programs by the utilities 'for the performance of their public service responsibilities with economy, efficiency, and care for the public safety, the preservation of environmental values and the conservation of natural resources’ ” (Matter of Sleepy Hollow Lake v Public Serv. Comm., supra, p 444).
On the other hand, the respondent commission has no authority to promulgate an order which is not reasonably related to its regulatory and supervisory powers (Matter of National Merchandising Corp. v Public Serv. Comm., 5 NY2d 485), but in examining the scope of the powers delegated to it, it should be borne in mind that it is too much to require the Public Service Law to delineate specifically each and every act that is subject to regulation (Matter of Radio Common Carriers of N. Y. v New York State Public Serv. Comm., 79 Misc 2d 600, 604, affd 48 AD2d 756). The present scope of the commission’s duties, responsibilities and authority, as delineated in the applicable statutes, should be measured by the realities of the present and those realities sometimes demand a modification of prior more restrictive interpretations (see, e.g., Municipalities-Refusal of Services, Ann, 60 ALR3d 714, 716, § 3). This court is not prepared to say that public utilities can long continue to furnish adequate service at reasonable rates if nothing is done to reduce unjustifiable waste of limited supplies of energy attributable to inadequate insulation of residences. Under these circumstances, the court believes that the subject order bears a reasonable relationship to the duties and responsibilities which have been delegated to the commission *112 by the State Legislature, and, accordingly, it had the necessary authority to demand that new residential construction meet the specified insulation standards.
The court now considers the claim that the rule that "an administrative agency may not delegate its quasi-judicial and discretionary function to persons who are neither officials nor employees of the agency or of the governmental body of which the agency is an arm” (Matter of New York Evening Enquirer v Kennedy, 18 Misc 2d 950, 951) was violated by the requirement that residential owners file certificates of compliance with the appropriate utility as a precondition to receiving electrical services. The respondent commission’s two functions are (1) to pass upon the reasonableness of the prices to be charged for utility service and the rules and regulations governing its sale and distribution, and (2) to investigate and ascertain that utilities under its supervision are acting fairly (Matter of Premium Ice Co. v Maltbie, 266 App Div 455, 458). Its duties, then, do not include the receipt and initial disposition of applications for public utility services, which duty has historically been performed by the utility, subject, of course, to the power of the commission to insure that the utility acts properly. Accordingly, there has been no delegation of the commission’s "quasi-judicial and discretionary function” and the said claim of unlawful delegation is without merit.
The petition will be dismissed.